21089

AMERICAN LEASE PLANS, INC., Respondent, v. R. C. JACOBS PLUMBING, HEATING & AIR CONDITIONING, INC., Appellant.

(260 S. E. (2d) 712)

*Kenneth W. Thornton, Jr.,* Georgetown, *for appellant.*

*R. Howard Grubbs,* of *McKay, Sherrill, Walker & Townsend,* Columbia, *for respondent.*

November 26, 1979.

GREGORY, Justice:

This is a claim and delivery action. Appellant R. C. Jacobs Plumbing, Heating & Air Conditioning, Inc., appeals from an order of the lower court awarding possession of a 1977 Dodge pickup truck to respondent American Lease Plans, Inc. We reverse.

Appellant purchased the used truck from Imperial Motors, Inc. (Imperial), a Chrysler motor products dealer in Myrtle Beach, South Carolina. Imperial had possession of the truck by virtue of a lease agreement with respondent, a North Carolina corporation primarily engaged in the business of leasing automobiles, aircraft and equipment.

At the time of purchase, title to the truck was held by respondent. Some time after the sale, Imperial went out of business and appellant never received the title certificate to the vehicle. It is not disputed that appellant paid full value for the truck.

The primary question on this appeal is whether appellant qualifies as a buyer in the ordinary course of business and is thereby entitled to the protective cloak of Section 36-2-403, subsections (2) and (3), Code of Laws of South Carolina (1976).

That section affords an innocent purchaser protection against the claim of an original owner who entrusts goods to a merchant who in turn transfers the goods by sale to the innocent purchaser. The operative subsections of Section 36-2-403 provide:

(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

(3) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or ac-

quiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.

Respondent contends that appellant is not a "buyer in the ordinary course of business" as that status is defined in Section 36-1-201(9), Code of Laws of South Carolina (1976), and accordingly is not entitled to the santuary which Section 36-2-403 provides.

§ 36-1-201(9) *"Buyer in ordinary course of business"* means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind.

The lower court found that appellant's business experience and extensive dealings in buying and selling vehicles disqualified it as a buyer in the ordinary course. This was error. Such a ruling places a burden of inquiry upon appellant which is not required by either the statutory definition of "buyer in ordinary course of business" or Section 36-2-403. Nor do the circumstances warrant imposing such a duty.

Appellant purchased a Chrysler-manufactured product from a Chrysler Motors dealer from whom it had on a prior occasion purchased another used Dodge truck. The instant truck was displayed by Imperial on its lot adorned with sale indicia and in a fashion that would reasonably indicate that Imperial both dealt in goods of this kind and was fully empowered to sell the truck to a buyer in the ordinary course of Imperial's business.

The salesman offered the truck for purchase, and appellant instructed him to forward the title certificate to the bank with which appellant did business.

Under these circumstances, appellant's inquiry into the salability of the 1977 Dodge pickup was reasonable, as it could rightfully have presumed that Im-

perial was the true owner by virtue of its possession of the truck. *Russell Willis, Inc. v. Page,* 213 S. C. 156, 48 S. E. (2d) 627 (1948).

The fact that appellant did not demand to see the certificate at the time of sale does not mean that appellant purchased with lack of good faith. Good faith is defined as honesty in fact in the conduct or transaction concerned. Section 36-1-201(19), Code of Laws of South Carolina (1976). Appellant's failure to investigate proved unwise, but it does not amount to dishonesty.

Respondent argues that Imperial was to use the truck exclusively as a "shop truck," rather than as an item for sale. Thus, respondent had no knowledge of the sale of the truck to appellant. We are not persuaded that any arrangement that may have existed between respondent and Imperial is significant. Pursuant to Section 36-2-403(3), Imperial had the power to transfer respondent's ownership rights to appellant ". . . regardless of any condition expressed between [respondent and Imperial] to the delivery or acquiescence. . . ."

The lower court erroneously ruled that Section 56-19-360, Code of Laws of South Carolina (1976) is dispositive. That Section provides:

§ 56-19-360. Procedures for voluntary transfer; duties of transferor and transferee; effective time of transfer.

If an owner, manufacturer or dealer transfers his interest in a vehicle other than by the creation of a security interest, he shall, at the time of the delivery of the vehicle, execute an assignment and warranty of title to transferee in the space provided therefor on the certificate or as the Department prescribes and cause the certificate and assignment to be mailed or delivered to the transferee or to the Department.

Except as provided in § 56-19-370, the transferee shall, promptly after delivery to him of the vehicle, execute the application for a new certificate of title in the space pro-

vided therefor on the certificate or as the Department prescribes and cause the certificate and application to be mailed or delivered to the Department.

Except as provided in § 56-19-370, and as between the parties, a transfer by an owner is not effective until the provisions of this section have been complied with.

We hold that § 56-19-360 is not dispositive in a situation such as this where an innocent purchaser stands to lose to another party, albeit an innocent one, at the hands of a fraudfeasor or wrongdoer whose conduct was made possible by the acts of the other party.

In the case of *Clanton's Auto Auction Sales, Inc. v. Young,* 239 S. C. 250, 122 S. E. (2d) 640 (1961), decided before § 36-2-403 was enacted and codified, the Court stated: "It was never contemplated that this statute [§ 56-19-360] which was obviously intended to prevent fraudulent transfer of cars should be applied so as to protect one whose conduct has enabled another to commit a fraud." 122 S. E. (2d) at 643.

That reasoning is even stronger when viewed in light of the protection afforded an innocent purchaser by § 36-2-403. Our reading of § 36-2-403 in conjunction with § 56-19-360 renders both statutes operative, *Lewis v. Gaddy,* 254 S. C. 66, 173 S. E. (2d) 376 (1970), and is in harmony with prior case law as well. *Young, supra.*

Accordingly, the order of the lower court is

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.