Barbara C. ROBISON, Appellant,

v.

GERBER PRODUCTS COMPANY, Appellee,

v.

J.B. ROBISON FARMS, INC., Appellee.

No. 84–2079.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1985.

Decided June 28, 1985.

**432**

Ronald F. Barbare, Greenville, S.C. (Lathan, Smith & Barbare, P.A., Greenville, S.C., on brief), for appellant.

Edward R. Cole, Spartanburg, S.C. (Butler, Means, Evins & Browne, Spartanburg, S.C., on brief), for appellee.

Before WINTER, Chief Judge, WILKINSON, Circuit Judge, and TURK, District Judge for the Western District of Virginia, sitting by designation.

TURK, District Judge.

This diversity action for conversion grew out of a contract for the purchase and sale of peaches in South Carolina. Gerber, the purchaser, filed a third-party complaint against J.B. Robison Farms, Inc., the grower of the peaches. Following a hearing on cross motions for summary judgment, the district court denied the plaintiff's motion for summary judgment and granted the defendant's motion for summary judgment, holding both that an action for conversion by one co-tenant does not lie against a third-party who acts with the consent of the other co-tenant and does not exceed that consent, and that, in this case, the defendant was protected by the entrustment provisions found in § 2–403 of the Uniform Commercial Code as adopted by the South Carolina Code, § 36–2–403. The third-party complaint was, therefore, subsequently dismissed. The plaintiff filed a motion for reconsideration which was denied by the district court. On this appeal, the plaintiff challenges each of these holdings. We affirm.

I.

The plaintiff is the owner of a one-half undivided interest in property located in South Carolina. The property is used by J.B. Robison Farms, Inc., a corporation operated by the plaintiff's husband and his family, as a peach orchard.[1] During the 1981 peach harvest, Gerber purchased the entire peach crop pursuant to a written contract with Robison Farms. The plaintiff never received her share of the money from the sale of the peaches, and she brought this suit against Gerber for trespass[2] and conversion.

II.

In challenging the district court's holding that the action for conversion could not be maintained, the appellant argues that Gerber, as grantee of her co-tenant, is liable to her for her share of the profits. The appellant maintains that the conduct of Gerber in inspecting the crop, supplying the boxes, and arranging for transportation elevates them from the status of a mere

---

1. There is some factual dispute over whether there is a written lease between the Robisons and the corporation. The existence of a lease, however, is immaterial to the entrustment issue.

2. The plaintiff does not appeal the district court's judgment for the defendant on the trespass count, conceding that the trespass action may not properly be maintained.

purchaser to a grantee of Robison Farms. This conduct, however, is consistent with the contractual relationship between the parties. There is absolutely no evidence that Gerber assumed any right, duty, or responsibility of the co-tenant that would make it a grantee of the corporation. Therefore, the district court was correct in holding that Gerber, as a purchaser and not a grantee, was not a proper defendant in the appellant's action for conversion.[3]

■ The appellant also contends that South Carolina Code § 36–2–107(3) creates a cause of action.[4] This argument is also without merit, as this section is only intended to allow parties to a contract for the sale of goods to be severed from realty to record that contract as if it were a contract for the sale of realty and, thereby, preserve the buyer's rights. *See* Uniform Commercial Code § 2–107, Official Comment 3. It does not create a cause of action where none previously existed.

### III.

In the order denying the appellant's motion for reconsideration, the district court more fully discussed the basis of its decision on the merits, relying on the entrustment provisions of the Uniform Commercial Code, § 36–2–403, South Carolina Code of Laws, 1976. Paragraph two of that section provides:

(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

■ Regarding the first element, the entrusting of goods, the appellant concedes that the peaches are goods, but denies that she entrusted them to Robison Farms. Entrusting is defined in paragraph three of section 36–2–403 as follows:

(3) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods had been such as to be larcenous under the criminal law.

It is undisputed that the appellant allowed Robison Farms to retain possession and control over her portion of the peach crop, that the appellant knew that Robison Farms had been selling the peaches to Gerber since 1970, and that the appellant knew that the proceeds of these sales went to Robison Farms. The appellant had acquiesced in Robison Farms selling her peaches to Gerber for over ten years. It is clear that this conduct falls squarely within the definition of entrusting as provided above, and the district court was correct in holding that the appellant had entrusted the peaches to Robison Farms.

The second element, that the entrustment be to a "merchant who deals in goods of that kind", is conceded by the appellant.

■ The third element, that the transfer be to a "buyer in ordinary course of business", is contested by the appellant. Section 36–1–201(9), South Carolina Code of Laws, 1976, defines "buyer in ordinary course of business" as:

a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind . . .

Paragraph 19 of § 36–1–201 defines "good faith" as "honesty in fact in the conduct or transaction concerned", and paragraph 25 of that section defines "knowledge" as "ac-

---

**3.** As noted by the district court, the appellant's claims, if any, were against the other co-tenant or against J.B. Robison Farms, Inc.

**4.** Section 36–2–107(3) provides:
(3) The provisions of this section are subject to any third party rights provided by the law

relating to realty records, and the contract for sale may be executed and recorded as a document transferring an interest in land and shall then constitute notice to third parties of the buyer's rights under the contract for sale.

tual knowledge." The appellant argues that Gerber cannot qualify as a buyer in the ordinary course of business because one of its agents had been informed that the appellant and her husband were having domestic problems. Therefore, the appellant contends, Gerber cannot take "in good faith and without knowledge." In addition to failing to present any evidence of a lack of "honesty in fact", this argument also fails to recognize that Gerber was not dealing with the Robisons as individuals, but was dealing with a corporation. The contract between Gerber and Robison Farms stated that the corporation "owned and controlled" the farm where the peaches were grown. Gerber had no reason to question this language and clearly had no duty to inspect title to the real estate on which the peaches were grown. There is no evidence that Gerber had actual knowledge of the appellant's interest in the peach crop. For more than ten years Gerber had purchased the peaches uneventfully from Robison Farms, and the information regarding the Robison's marital problems was clearly insufficient to alert them that the transaction in 1981 might be any different.

The appellant seeks to impose on a commercial purchaser from a corporate seller the duty to be informed regarding the assets and the domestic tranquility of the shareholders and, should any hint of marital discord reach its agents, the duty to investigate what effect such disturbance might have on the commercial transaction in which it is involved. Such a duty offends the very purpose of the Uniform Commercial Code in promoting greater negotiability of goods and in affording certain protection to participants in the commercial marketplace. The South Carolina Supreme Court has already rejected placing such additional burdens of inquiry upon commercial purchasers. *See American Lease Plans, Inc. v. R.C. Jacobs Plumbing, Heating and Air Conditioning, Inc.,* 274 S.C. 28, 260 S.E.2d 712 (1979). Therefore, the district court was correct in holding that Gerber was a buyer in ordinary course of business.

Each of the requisite elements of § 36–2–403 was established such that no conflicting inferences or conclusions could be drawn from the evidence. Therefore, Gerber is entitled to the protection provided by that section. As there is no material issue of fact upon which reasonable men might differ, the district court was correct in concluding that Gerber was entitled to summary judgment as a matter of law. That judgment is AFFIRMED.