**22930**

The STATE, Respondent v. Ruby RUMSEY, Appellant.

(376 S. E. (2d) 509)

Supreme Court

*Assistant Appellate Defender Stephen P. Williams of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia,

and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard Sept. 21, 1988.

Decided Dec. 5, 1988.

TOAL, Justice:

The appellant, Ruby Rumsey (Rumsey), was convicted of uttering a fraudulent check in the amount of $426.00 in violation of S. C. Code Ann. § 34-11-60 (Cum. Supp. 1987). Rumsey was sentenced to confinement within the South Carolina Department of Corrections for a period of six months provided that upon the payment of $200.00 plus costs and assessments, the balance would be suspended and she would be placed on probation for one year; a special condition of probation being that she pay $426.00 restitution. On appeal, Rumsey contends that the check was given in payment for a preexisting debt; and, therefore, falls within the exclusion provided in § 34-11-60(d). In the absence of a factual determination at the trial level indicating for what purpose the check was issued, we reverse and remand for proceedings consistent with this opinion.

This case arose from a dispute between Rumsey and Doug Cox, owner and operator of Doug Cox Body Shop, in regard to sums allegedly owed by Rumsey to Cox for car repairs. Cox testified that Rumsey contacted him in February 1986 to repair her Pontiac Trans Am. The automobile had been involved in two accidents and had extensive damage to the front end and sides of the car. Although the repairs were completed during March, Cox refused to allow Rumsey to obtain possession of the car until she paid $426.00, the amount allegedly due for the repairs. Rumsey claimed that she did not owe any money to Cox and that Cox had actually been overpaid. There was conflicting testimony over the amount of the total bill for the repairs. Cox testified that he could not remember what the estimate was for the repairs. Ms. Rumsey testified that Cox had agreed to repair the car for $3,671.00. While Cox admitted that he received insurance checks from Ms. Rumsey's carrier in an amount totalling approximately $4,200.00 for the car repairs; he contended that $426.00 additional was due to cover a $200.00 insurance deductible and a $226.00 car payment that was made by him

on behalf of Ms. Rumsey.

On April 23, 1986, approximately three weeks after the repairs had been completed, Rumsey issued a check to Cox in the amount of $426.00, obtained possession of her car and then withdrew the funds from her checking account. The check was returned for insufficient funds. This check is the source of the controversy.

Section 34-11-60 governs the issuance of fraudulent checks. This section provides in pertinent part:

> "It shall be unlawful for any person, with intent to defraud, ... to ... deliver to another, any check ... for the payment of money, services, credit or property of any kind or nature whatever, or anything of value, when at the time of drawing ... such check ... the maker or drawer thereof ... does not have sufficient funds on deposit with such bank or depository to pay the same on presentation. ..."

S. C. Code Ann. § 34-11-60 (Cum. Supp. 1987).

Subsection (d), however, provides an exclusion from the provisions of this statute for checks given in "full or partial payment of a preexisting debt." The dispositive issue in this case is whether the check was paid to satisfy a "preexisting debt;" and therefore, is excluded from the fraudulent check statute under § 34-11-60(d).

a preexisting debt includes all debts previously contracted whether they have become payable or not. 26 C.J.S. *Debt* p. 14 (1956). In order to determine whether a debt constitutes a preexisting debt, however, it must first be established for what purpose the debt was owed.

The character of the $426.00 bill, however, was never established at the trial level. This question was never submitted to the jury. The jury was not asked to determine the total amount of the bill due, if any, or for what purpose the $426.00 was owed. In addition, the jury was not instructed in regard to § 34-11-60(d), the preexisting debt exclusion. Therefore, the jury never considered whether this check could be excluded from the fraudulent check statute under the provision excluding checks given in payment of preexisting debts. In the absence of a factual determination indicating for what purpose the debt was owed, it cannot be

determined whether the debt constituted a preexisting debt.

For the foregoing reasons, a new trial must be granted, and therefore the conviction below is

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.