2281

The CONNECTICUT INDEMNITY COMPANY, Appellant v. BURDETTE CHRYSLER DODGE CORPORATION, Burdette Chrysler Plymouth Dodge of Conway, Inc., The Finance Company and the South Carolina Department of Highways and Public Transportation, Defendants, of whom Burdette Chrysler Dodge Corporation and Burdette Chrysler Plymouth Dodge of Conway, Inc., are, Respondents.

(453 S.E. (2d) 902)

Court of Appeals

*Frank S. Potts*, of *Lide, Montgomery & Potts*, Columbia, *for* appellant.

*William S. Barr*, of *Barr, Barr & McIntosh*, Charleston, *for* respondents.

Heard Dec. 9, 1994.

Decided Dec. 28, 1994.

GOOLSBY, Judge:

This declaratory judgment action by the Connecticut Indemnity Company involves a claim made by Burdette Chrysler Dodge Corporation under a motor vehicle dealer bond in the amount of $15,000 Connecticut Indemnity issued as surety for Eagle Auto Sales. The trial court allowed Burdette to recover the full amount of the bond for the loss or damage Burdette suffered in connection with its sale or transfer of a number of motor vehicles to Eagle Auto. We affirm in part, reverse in part, and remand.

Eagle Auto posted the bond in question pursuant to S.C. Code Ann. § 56-15-320(2) (Supp. 1993). This statute provides in pertinent part as follows:

> Each applicant for licensure as a dealer . . . must furnish a surety bond in the penal amount of fifteen thousand dollars. . . . The bond must be conditioned upon the applicant or licensee complying with the provisions of the statutes applicable to the license and as indemnification for any loss or damage suffered by an owner of a motor vehicle . . . by reason of any fraud practiced or fraudulent representation made in connection with the sale or transfer of a motor vehicle by a licensed dealer . . . or any loss or damage suffered by reason of the violation by the dealer . . . of any of the provisions of this chapter.

The evidence before the trial court was almost entirely documentary. It showed Burdette transferred ownership of eleven used motor vehicles to Eagle Auto; Eagle Auto paid Burdette for six of these motor vehicles about two months later with checks that totalled $23,030; the checks were subsequently returned because of insufficient funds with which to pay them; Eagle Auto never paid Burdette anything for the other five motor vehicles and never obtained the titles from Burdette to these vehicles, although Eagle Auto sold these vehicles to consumers; and Burdette transferred the titles of two of these five vehicles to the purchasers in exchange for assignments of causes of action.

## I.

The trial court properly held Burdette, a motor vehicle dealer, to be an "owner of a motor vehicle" within the meaning of section 56-15-320(2). *See Minneapolis Auto Auction v. Spicer Auto Sales, Inc.*, 439 N.W. (2d) 23 (Minn. 1989) (involving a statute that gives a right of recovery under a motor vehicle dealer bond to "any person, transferor, seller, or purchaser"); *American European Garage Servs., Inc. v. National Fire Ins. Co. of Hartford*, 427 So. (2d) 772 (Fla. Dist. Ct. App. 1983) (used car dealers who purchase from other used car dealers are included within the meaning of the word "customer"). Contrary to Connecticut's argument, section 56-15-320(2) does not limit recovery under a motor vehicle dealer bond simply to "consumers." *See Bryant Motors, Inc. v. American States Ins. Cos.*, 118 Idaho 796, 800 P. (2d) 683 (Ct. App. 1990) (involving a statute that draws no distinction between the consuming public and business merchants). Had the legislature intended to preclude a motor vehicle dealer from being considered an "owner of a motor vehicle," the legislature would have used a less inclusive term to define those who could recover under a motor vehicle dealer bond. *See Taylor v. Johnson*, 84 N.C. App. 116, 351 S.E. (2d) 831 (1987) (involving a statute that limits claimants to "any purchaser of a motor vehicle").

## II.

There is no evidence to support the trial court's finding that Burdette, as an owner of motor vehicles, "established fraud as contemplated" by section 56-15-320(2),

irrespective of whether the worthless checks Eagle Auto gave to Burdette in payment for six of the motor vehicles Burdette sold and transferred to Eagle Auto may be considered fraudulent or not. *See* S.C. Code Ann. § 34-11-60(a), (b), and (d) (1987 and Supp. 1993) (the giving of a check where the maker lacks sufficient funds to pay the check is prima facie evidence of fraud, but not where the check is given in full or partial payment of a preexisting debt); *State v. Rumsey*, 297 S.C. 273, 376 S.E. (2d) 509 (1988) (a new trial held required in a criminal prosecution for uttering a fraudulent check where the trial court failed to consider whether the check was given in payment of preexisting debts). Burdette suffered no loss or damage by reason of a "fraud practiced . . . in connection with the sale or transfer of a motor vehicle by a licensed dealer." Here, as we indicated, Burdette, not Eagle Auto, sold or transferred the motor vehicles for which the worthless checks were given. Eagle Auto only purchased or received the transfer of these motor vehicles.

During oral argument before this court, however, Burdette's counsel suggested Eagle Auto also violated the latter part of section 56-15-320(2). This part, as can be gleaned from the material quoted above, allows recovery by anyone, not just certain defined motor vehicle owners, for "any loss or damage suffered by reason of the violation by [a] dealer . . . of any of the provisions of [chapter 15]." Although the trial court recognized Burdette expressly raised this issue, the trial court did not decide it, choosing instead to rest its finding of liability solely on the first part of section 56-15-320(2). Because the trial court made no finding on the issue of whether Burdette suffered a loss or damage because of a violation by Eagle Auto of any provision of chapter 15, we remand this issue to the trial court for determination. The trial court on remand shall determine, based on the present record, whether Eagle Auto, as a licensed dealer, violated any provision of chapter 15, particularly section 56-15-40, and whether Burdette suffered a loss or damage as a result.

### III.

The trial court erred in allowing Burdette to recover against Eagle Auto's bond on claims Eagle Auto did not act "honestly and in good faith" when it failed to

transfer title to two motor vehicles that it sold to consumers. Burdette obtained these claims by assignment from the consumer purchasers in exchange for Burdette's giving them titles to the motor vehicles.

Eagle Auto had originally acquired the motor vehicles from Burdette; however, Burdette, after having transferred its interest in the motor vehicles to Eagle Auto, failed to execute assignments and warranties of title to Eagle Auto at the time that it delivered the two vehicles to Eagle Auto. *See* S.C. Code Ann. § 56-19-360 (1976) (an owner of a vehicle who transfers an interest in the vehicle must execute an assignment and warranty of title to the transferee at time of the delivery of the vehicle). Burdette, because of section 56-19-360, had no choice but to surrender to Eagle Auto the titles Burdette had to the two motor vehicles; and once the consumer purchasers bought the motor vehicles, they acquired whatever interest Eagle Auto had in them, including the right to receive the titles from Burdette. *See* S.C. Code Ann. § 36-2-403 (1976) ("A purchaser of goods acquires all title which his transferor had. . . ."). As we noted, Burdette later transferred to the consumer purchasers titles to the motor vehicles in exchange for any claims that the consumer purchasers had against Eagle Auto in failing to transfer the titles to them.

Whatever dishonesty and bad faith Eagle Auto practiced because it did not transfer to Burdette's assignors the titles to the motor vehicles when it sold the assignors the motor vehicles occurred only, so far as the record suggests, because Burdette did not transfer the titles to Eagle Auto when Burdette earlier transferred its interest in the motor vehicles to Eagle Auto. Because the very conduct Eagle Auto engaged in was made possible by Burdette's own acts, Burdette may not take advantage of its own conduct by taking assignments from innocent purchasers and recovering against Eagle Auto on its bond in an action founded on section 56-15-320(2). *See Jackson v. Bi-Lo Stores, Inc.*, 313 S.C. 272, 274, 437 S.E. (2d) 168, 170 (Ct. App. 1993) ("It is a well founded policy of law that no person be permitted to acquire a right of action that their own unlawful act and one who participates in an unlawful act cannot recover damages for the consequences of that act. This rule applies at both law and in equity and whether the cause of action is in contract or in tort.") (citations omitted); *cf.*

*American Lease Plans, Inc. v. R.C. Jacobs Plumbing, Heating & Air Conditioning, Inc.*, 274 S.C. 28, 33, 260 S.E. (2d) 712, 714 (1979) (section 56-19-360 should not "be applied so as to protect one whose conduct has enabled another to commit a fraud.").

Affirmed in part, reversed in part, and remanded.

SHAW and CURETON, JJ., concur.