476 S.E.2d 690

**MID–STATE AUTO AUCTION OF LEXINGTON, INC., Respondent,**

v.

**Carl ALTMAN d/b/a Altman Auto Sales and Western Surety Company, Defendants, of whom Western Surety Company is, Appellant.**

**No. 24490.**

Supreme Court of South Carolina.

Heard May 21, 1996.

Decided Sept. 3, 1996.

S. Markey Stubbs, of Baker, Barwick, Ravenel & Bender, L.L.P., Columbia, for appellant.

Henry H. Taylor, Columbia, for respondent.

BURNETT, Justice.

This appeal is from an order granting summary judgment in an action to recover under the terms of a surety bond issued pursuant to S.C.Code Ann. § 56–15–320. We reverse and remand.

## FACTS

Carl Altman d/b/a Altman Auto Sales (Altman) was a motor vehicle dealer. As part of the licensing requirements for motor vehicle dealers, Appellant Western Surety Company (Western) and Altman executed a surety bond in the amount of fifteen thousand dollars. See S.C.Code Ann.. § 56–15–320

(Supp.1995). During the effective term of this bond, Altman purchased several vehicles from Respondent Mid–State Auto Auction of Lexington (Mid–State). When the checks Altman used to pay for the vehicles were dishonored, Mid–State brought this action against Altman seeking to recover damages. Mid–State also sued Western seeking to recover under the terms of Altman's surety bond. Subsequently, Altman defaulted and Mid–State moved for summary judgment against Western arguing that it (Mid–State) was entitled to recover the entire amount of the bond. In opposing the motion, Western argued that Mid–State could not recover because § 56–15–320 allows only motor vehicle owners or their legal representatives to recover under license bonds issued pursuant to that statute. The circuit court disagreed and held that under § 56–15–320, ownership is not a prerequisite to maintaining an action on a dealer's license bond. Consequently, the circuit court granted Mid–State's motion for summary judgment.[1]

## ISSUE

Did the circuit court err in holding that a person or entity other than an "owner or his legal representative" may recover under a bond issued pursuant to § 56–15–320?

## DISCUSSION

Section 56–15–320 [2] provides in pertinent part as follows:

Each applicant for licensure as a dealer or wholesaler shall furnish a surety bond in the penal amount of fifteen thousand dollars on a form prescribed by the director of the

---

1. At the hearing on Mid–State's summary judgment motion, the parties offered the following stipulation:

   While [Mid–State] and Western greatly dispute the issue as to whether or not [Mid–State] is an "owner or legal representative of the owner," [Mid–State] and Western are in agreement that if a person or entity may recover under the bond without the necessity of being an "owner or an owner's legal representative," Mid–State under the facts of this case, is entitled to recover the penal sum of the bond, Fifteen Thousand and no/100 (15,000.00) Dollars.

2. Section 56–15–320 was amended in 1993 and 1994. The version in effect when Western and Altman executed the surety bond contained minor grammatical differences from the current version.

department. The bond must be given to the department and executed by the applicant, as principal, and by a corporate surety company authorized to do business in this State, as surety. The bond must be conditioned upon the applicant or licensee complying with the statutes applicable to the license and as indemnification for loss or damage suffered by an owner of a motor vehicle, or his legal representative, by reason of fraud practiced or fraudulent representation made in connection with the sale or transfer of a motor vehicle by a licensed dealer or wholesaler or the dealer's or wholesaler's agent acting for the dealer or wholesaler or within the scope of employment of the agent *or loss or damage suffered by reason of the violation by the dealer or wholesaler or his agent of this chapter.* An owner or his legal representative who suffers the loss or damage has a right of action against the dealer or wholesaler and against the dealer's or wholesaler's surety upon the bond and may recover damages as provided in this chapter.

(italics added). In holding that a person or entity other than an "owner or his legal representative" may recover under a bond issued pursuant to § 56–15–320, the circuit court relied on *Connecticut Indemnity Co. v. Burdette Chrysler Dodge Corp.,* 317 S.C. 406, 453 S.E.2d 902 (Ct.App.1994), in which the Court of Appeals specifically stated that the latter part of § 56–15–320 (italicized above) allows recovery "by anyone" for loss suffered as the result of a dealer violating any of the statutes in Chapter 15 of Title 56. On appeal, Western argues the circuit court erred in relying on *Burdette* because the statement regarding recovery "by anyone" was dicta.[3] Alter-

---

**3.** *Burdette* was a declaratory judgment action brought by a surety company, Connecticut Indemnity. Connecticut sought a ruling whether it was liable under a bond issued pursuant to § 56–15–320 for damages suffered by Burdette Chrysler Dodge following a transaction with the motor vehicle dealer who was the principal on the bond. The trial judge held that Burdette was "an owner of a motor vehicle" within the meaning of § 56–15–320 and that Burdette was entitled to recover under the statute because it had established the motor vehicle dealer had committed a fraud as contemplated by the statute. On appeal, the Court of Appeals reversed the trial judge's findings regarding fraud. However, the court specifically upheld the judge's finding that Burdette was "an owner of a motor vehicle" within the meaning of § 56–15–320 and was therefore entitled to bring an action under that statute.

natively, Western contends *Burdette* is incorrect and should be overruled. We agree the statement in *Burdette* is incorrect.[4]

■ The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Gilstrap v. South Carolina Budget and Control Board*, 310 S.C. 210, 423 S.E.2d 101 (1992). In ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole. *Creech v. South Carolina Public Service Authority*, 200 S.C. 127, 20 S.E.2d 645 (1942). Unless there is something in the statute requiring a different interpretation, the words used in a statute must be given their ordinary meaning. *Hughes v. Edwards*, 265 S.C. 529, 220 S.E.2d 231 (1975).

■ When § 56–15–320 is read in its entirety, it is clear the legislature intended to provide only the owner of a motor vehicle, or the owner's legal representative, with a cause of action against the surety on a bond issued pursuant to that statute. Section 56–15–320 specifically states the purpose of a dealer's bond is to indemnify "for loss or damage suffered by *an owner of a motor vehicle, or his legal representative.*" (emphasis added). Further, when referring to loss or damage suffered as the result of fraud or a violation of Chapter 15 on the part of a motor vehicle dealer, the statute specifically states that "[a]*n owner or his legal representative who suffers the loss or damage* has a right of action against the ... dealer's ... surety upon the bond." (emphasis added).[5] We therefore reverse the grant of summary judgment and remand

4. Neither party in *Burdette* petitioned for rehearing or sought a writ of certiorari from this Court. We now overrule *Burdette* to the extent it recites that the latter part of § 56–15–320 allows recovery by anyone, not just motor vehicle owners, for loss or damage suffered as the result of a dealer violating any of the provisions in Chapter 15 of Title 56.

5. Although separated by the conjunction "or," the "loss or damage suffered by reason of the violation [of Chapter 15]" language is set forth in a list of actions for which only an owner or the owner's legal representative may seek recovery.

this case for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.