THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent
 v.
 Reico Lamar
 Welch, Appellant.
 
 
 

Appeal From York County
 Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No.  2011-UP-572
Heard December 6, 2011  Filed December
 20, 2011 

AFFIRMED

 
 
 
Appellate Defender Elizabeth Franklin-Best, of Columbia, for
 Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General David Spencer, all of Columbia; Solicitor Kevin Brackett, of
 York, for Respondent.
 
 
 

PER CURIAM: Reico
 Welch appeals his conviction for first-degree burglary, arguing the circuit
 court improperly considered three prior out-of-state offenses for breaking and
 entering that were consolidated into a single judgment against him.  Welch
 claims the circuit court impermissibly considered this single judgment as three
 convictions, which resulted in an improperly enhanced charge of first-degree
 burglary.  
We affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authorities:  S.C. Code
 Ann. § 16-11-311 (2003) (stating a person is guilty of first-degree burglary "if
 the person enters a dwelling without consent and with intent to commit a crime
 in the dwelling, and . . . the burglary is committed by a person with a prior
 record of two or more convictions for burglary or housebreaking or a
 combination of both . . . .") (emphasis added); N.C. Gen.Stat. §
 15A-1340.15(b) (2009) ("If an offender is convicted of more than
 one offense at the same time, the court may consolidate the offenses for
 judgment and impose a single judgment for the consolidated offenses.")
 (emphasis added); State v. Miller, 341 S.E.2d 531, 538 (N.C. 1986)
 (discussing the benefits of consolidating plea bargains for judgment and
 stating "the very purpose of consolidation for sentencing purposes is to .
 . . benefit [] the defendant by limiting the maximum sentence that he can receive
 for all of the convictions so consolidated");  see also Mid-State Auto Auction of Lexington, Inc.
 v. Altman, 324 S.C. 65,
 69, 476 S.E.2d 690, 692 (1996) ("Unless there is something in the statute
 requiring a different interpretation, the words used in a statute must be given
 their ordinary meaning."); State v. Landis, 362 S.C. 97, 102, 606
 S.E.2d 503, 505 (Ct. App. 2004) (finding the legislature's intent should be
 ascertained primarily from the plain language of the statute). 
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.