**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stivers Brothers Automotive, Inc., Appellant,

v.

W. Warner Peacock and Peacock Automotive, LLC, Respondents.

Appellate Case No. 2021-001489

———————

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-378
Submitted October 1, 2024 – Filed November 6, 2024

———————

**AFFIRMED**

———————

John Michael Baxley, of Douglas Jennings Law Firm, LLC, of Charleston, and Joseph Gregory Studemeyer, of Studemeyer Law Firm, of Irmo, for Appellant.

Bradford Neal Martin, of Bradford Neal Martin & Associates, PA, of Greenville, for Respondents.

———————

**PER CURIAM:**  Stivers Brothers Automotive, Inc. (Stivers), appeals from the circuit court's order granting judgment on the pleadings to W. Warner Peacock and Peacock Automotive, LLC (Respondents) on Stivers's cause of action under the

South Carolina Dealers Act (the Dealers Act), arguing the court erred in (1) finding the Dealers Act did not apply; (2) considering matters outside the pleadings; and (3) denying its motion to amend its complaint. We affirm.

**FACTS**

This action questions whether the Dealers Act applies to a contractual conflict between two automobile dealerships. We find it does not. Stivers and Respondents own automotive dealerships. The parties began negotiations about "exchanging and/or acquiring one or more of the others' dealerships" in 2019. Prior to finalizing negotiations, Peacock Automotive's CFO visited Stivers's dealerships to inspect the assets and to engage in due diligence. On January 7, 2020, the parties entered two Asset Purchase and Sales Agreements (APAs) for Peacock Automotive's purchase of Stivers's Chevrolet and Hyundai dealerships on Newland Road in Columbia.[1]

Respondents notified Stivers they were terminating the APAs by letter dated March 27, 2020. Stivers filed this action on April 13, 2020. On June 11, 2020, Stivers's counsel received a proposed letter of intent (LOI) with a new offer. Between then and July 15, 2020, the parties unsuccessfully attempted to negotiate terms for the sale.

On December 9, 2020, Respondents filed a motion for judgment on the pleadings, arguing the Dealers Act did not apply to contract disputes between dealers.[2] Stivers filed a motion to serve a second amended complaint, alleging it included "transactions or occurrences or events which have happened since the date of the original complaint." On March 18, 2021, Stivers filed a motion for a continuance, arguing filings made by Respondents "just before the Wednesday afternoon deadline listed on the notices of hearing" included more than 150 pages of documents and gave Stivers and the court only three business days to review them, which was "insufficient time for both the Court and counsel to digest . . . ." At a March 23, 2021 hearing on pending motions, the court denied the motion for a continuance.[3] By order filed March 24, 2021, the court denied the motion to serve a second amended complaint. On November 12, 2021, the court filed its final order granting the motion for judgment on the pleadings only on the cause of

---

[1] The APAs are subject to a confidentiality order filed March 24, 2021.
[2] Stivers also moved for judgment on the pleadings, arguing it was entitled to protection under the Dealers Act.
[3] The court also issued a written order denying the motion.

action under the Dealers Act.  The court denied the remainder of the motion.  This appeal followed.

## STANDARD OF REVIEW

"Any party may move for a judgment on the pleadings under Rule 12(c), SCRCP." *Sapp v. Ford Motor Co.*, 386 S.C. 143, 146, 687 S.E.2d 47, 49 (2009).  Under Rule 12, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Rule 12(c), SCRCP.  "A judgment on the pleadings is proper where there is no issue of fact raised by the complaint that would entitle plaintiff to judgment if resolved in plaintiff's favor." *Sapp*, 386 S.C. at 146, 687 S.E.2d at 49.  When reviewing a grant of judgment on the pleadings, "we apply the same legal standards as the trial court."  *Ballard v. Admiral Ins. Co.*, 442 S.C. 22, 34, 897 S.E.2d 183, 189 (Ct. App. 2023), *reh'g denied* (Feb. 21, 2024).  "We review questions of law *de novo*."  *Ziegler v. Dorchester Cnty.*, 426 S.C. 615, 619, 828 S.E.2d 218, 220 (2019).

## LAW/ANALYSIS

### The Dealers Act

Stivers argues the circuit court erred in finding the Dealers Act did not apply.  We disagree.

"The Dealers Act declares certain unfair methods of competition and unfair or deceptive acts or practices to be unlawful."  *deBondt v. Carlton Motorcars, Inc.*, 342 S.C. 254, 263, 536 S.E.2d 399, 404 (Ct. App. 2000).  The Dealers Act provides that "[a]ny person who engages directly or indirectly in purposeful contacts within this State in connection with the offering or advertising for sale or has business dealings with respect to a motor vehicle within this State shall be subject to the provisions of this chapter . . . ."  S.C. Code Ann. § 56-15-20 (2018).  It is a violation of the Dealers Act "for any manufacturer, factory branch, factory representative, distributor, or wholesaler, distributor branch, distributor representative or motor vehicle dealer to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of the parties or to the public."  S.C. Code Ann. § 56-15-40(B) (Supp. 2024).  The Dealers Act further provides that "any person who shall be injured in his business or property by reason of anything forbidden in this chapter may sue therefor in the court of common pleas and shall recover double the actual damages by him sustained, and the cost of suit, including a reasonable attorney's fee."  S.C. Code Ann. § 56-15-

110(1) (2018). Most importantly here, the Dealers Act states it applies "to all written or oral agreements between a manufacturer, wholesaler or distributor with a motor vehicle dealer . . . and all other such agreements in which the manufacturer, wholesaler or distributor has any direct or indirect interest." S.C. Code Ann. § 56-15-80 (2018).

Stivers argues because section 56-15-20 states the Dealers Act applies to "[a]ny person," and section 56-15-110(1) (2018) permits recovery for "any person," the Dealers Act applies here because Stivers is a person. Respondents argue Stivers focuses exclusively on whether dealers are persons under the Dealers Act but ignores the required analysis of whether the acts complained of are within the scope of the Dealers Act under section 56-15-80.

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "[W]e must first attempt to construe a statute according to its plain language, and if the language of a statute is plain, unambiguous, and conveys a clear meaning, 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" *Odom v. Town of McBee Election Comm'n*, 427 S.C. 305, 310, 831 S.E.2d 429, 432 (2019) (quoting *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581).

Stivers relies on this court's statement in *Connecticut Indemnity Company v. Burdette Chrysler Dodge Corporation*, 317 S.C. 406, 453 S.E.2d 902 (Ct. App. 1994), *overruled by Mid-State Auto Auction of Lexington, Inc. v. Altman*, 324 S.C. 65, 476 S.E.2d 690 (1996). In *Burdette*, this court found the Dealers Act allowed recovery "by anyone" for loss suffered as the result of a dealer violating the Act. *Id.* at 409, 453 S.E.2d at 904. Although Stivers argues our supreme court in *Mid-State* overruled *Burdette* "on other grounds," we find the court specifically overruled the finding that the Dealers Act applied to anyone. *See Mid-State*, 324 S.C. at 69 n.4, 476 S.E.2d at 692 n.4 (overruling *Burdette* "to the extent it recites that the latter part of § 56-15-320 allows recovery by anyone, not just motor vehicle owners, for loss or damage suffered as the result of a dealer violating any of the provisions in Chapter 15 of Title 56"); *see also Ritter & Assocs., Inc. v. Buchanan Volkswagen, Inc.*, 405 S.C. 643, 653-54, 748 S.E.2d 801, 806 (Ct. App. 2013) (reading the Dealers Act as a whole and construing multiple sections to give each one effect).

Like the circuit court, we find section 56-15-80, stating the Dealers Act applies "to all written or oral agreements between a manufacturer, wholesaler or distributor

with a motor vehicle dealer," is clear and unambiguous and does not apply to APAs between dealers. Although the Dealers Act provides some protection to dealers from manufacturers and distributors, "the Legislature enacted the . . . Dealers Act . . . for the purpose of consumer protection." *Freeman v. J.L.H. Invs., LP*, 414 S.C. 362, 373, 778 S.E.2d 902, 908 (2015); *see, e.g.*, S.C. Code Ann. § 56-15-46 (Supp. 2024) (protecting dealerships from aggressive practices by distributors and manufacturers).

Based on the foregoing, we affirm the circuit court's finding that the essence of Stivers's claim against Respondents arises from an alleged breach of contract between two dealers and is excluded from the Dealers Act.

**Matters Outside of the Pleadings**

Stivers argues the circuit court erred in considering matters outside the pleadings in dismissing its claim under the Dealers Act. We disagree.

In summary fashion without any citation to authority, Stivers argues the circuit court erred in reviewing letters submitted by counsel for both parties that were not part of the record. We find Stivers has abandoned the issue on appeal and it need not be addressed by this court. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363 444 S.E.2d 513, 514 (1994) (stating the appellant abandoned the issue for which he failed to provide any argument or supporting authority); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."). Thus, we affirm.

**Motion to Amend**

Stivers finally argues the circuit court erred in denying its motion to serve a second amended complaint. We disagree.

In its second amended complaint, Stivers alleged additional facts, including an assertion it had, *inter alia*, (1) provided confidential/proprietary information to Respondents and (2) allowed Respondents access to its dealer management system. It also alleged Respondents "[a]fter stringing [Stivers] along for [more than 6 months]," sabotaged the transactions and breached the confidentiality provisions. It next alleged Respondents failed to disclose their attorney had a financial interest in Peacock Automotive. Finally, it alleged the real reason for Respondents' rejection of the APAs was the ongoing Covid-19 pandemic.

The first amended complaint raised the following causes of action: declaratory judgment; breach of contract; breach of contract accompanied by a fraudulent act; violation of the Dealers Act; intentional interference with contract; and veil piercing. The complaint sought specific performance, actual and punitive damages, and costs. The second amended complaint raised the same causes of action and sought declaratory relief, actual and punitive damages, attorney's fees, and costs.

Respondents filed a motion to dismiss the appeal of the order denying the motion to amend the complaint for a second time. By order filed March 2, 2022, this court denied the motion but stated "[n]othing prevents the parties from including an argument regarding appealability in their briefs." Respondents now argue the order denying the motion to file a second amended complaint is interlocutory and not immediately appealable.

In *Tillman v. Tillman*, this court stated:

> Our courts have held that orders denying a motion to amend an answer, . . . denying a motion to file a late answer, . . . and denying a motion to amend to file a third party complaint, . . . are not immediately appealable, primarily because they may be appealed after the case has ended and final judgment entered.

420 S.C. 246, 249, 801 S.E.2d 757, 759 (Ct. App. 2017). However, to the extent Stivers filed the motion to amend the complaint to add allegations regarding the cause of action under the Dealers Act, we affirm. None of the new allegations in the second amended complaint change our finding that the Dealers Act does not apply to Stivers's action. "Courts have wide latitude in amending pleadings." *Berry v. McLeod*, 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997). "[T]he decision to allow an amendment is within the sound discretion of the trial court and will rarely be disturbed on appeal. The trial [court's] finding will not be overturned without an abuse of discretion or unless manifest injustice has occurred." *Id.* (internal citation omitted). Here, the second amended complaint adds no new causes of action. All causes of action other than the one under the Dealers Act remain to be tried, and Stivers will have the opportunity to argue the evidence it alleges in the second amended complaint. We find no abuse of discretion.

**CONCLUSION**

Based on the foregoing, the order on appeal is

**AFFIRMED.**[4]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.