**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Target Motors, LLC d/b/a Port City Motors, Appellant,

v.

Grand Strand Nissan, Inc., Grainger Companies, Inc. d/b/a Grainger Honda, and Manheim Remarketing, Inc. d/b/a Manheim, Darlington, Defendants,

Of which Grand Strand Nissan, Inc., is the Respondent.

Appellate Case No. 2023-000540

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2025-UP-244
Heard May 6, 2025 – Filed July 16, 2025

**AFFIRMED**

C. Steven Moskos, of C. Steven Moskos, PA, of North Charleston, and Brooks R. Fudenberg, of Law Office of Brooks R. Fudenberg, LLC, of Charleston, both for Appellant.

Sarah P. Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville, and Mary M. Caskey, of Haynsworth Sinkler Boyd, PA of Columbia, both for Respondent.

_____

**PER CURIAM:** This case involves a dispute between two car dealers over the sale of a Nissan Titan pickup truck at a dealer's auction. Although Target Motors (Target), the dealership that bought the car at the second auction, did not have any dealings with Grand Strand Nissan (Grand Strand), the seller from the first auction, Target seeks to hold Grand Strand liable for misrepresenting the vehicle's condition. Target contends it was error for the circuit court to grant summary judgment in favor of Grand Strand. We respectfully disagree and affirm.

## STANDARD OF REVIEW

"Appellate courts apply the same standard of review applied by the trial court to review the grant of summary judgment pursuant to Rule 56(c) of the South Carolina Rules of Civil Procedure." *Williams v. Jeffcoat*, 444 S.C. 224, 233, 906 S.E.2d 588, 593 (2024). "[T]he 'mere scintilla' standard does not apply under Rule 56(c)." *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023). Rather, "[s]ummary judgment is proper when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Williams*, 444 S.C. at 233, 906 S.E.2d at 593. "In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing summary judgment." *deBondt v. Carlton Motorcars, Inc.*, 342 S.C. 254, 262–63, 536 S.E.2d 399, 403 (Ct. App. 2000).

## ANALYSIS

Target argues Grand Strand owed it a common law duty of care that would support a negligence claim. It is well settled that summary judgment is appropriate when the defendant does not owe a duty. *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 135–36, 638 S.E.2d 650, 656 (2006) ("If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law."); *Ravan v. Greenville County*, 315 S.C. 447, 467, 434 S.E.2d 296, 308 (Ct. App. 1993) (finding that in order to impose liability in a negligence action, "the parties shall have sustained a relationship recognized by law as the foundation of the duty of care"). Here, the circuit court found Grand Strand did not have a duty because it never communicated or interacted with Target about the truck's condition. We agree. *See S.C. State Ports Auth. v. Booz-Allen & Hamilton, Inc.*, 289 S.C. 373, 376, 346 S.E.2d 324, 325–26 (1986) ("A tort-feasor's duty arises from his relationship to the injured party."); *Rayfield v. S.C. Dep't of Corr.*, 297 S.C. 95, 100, 374 S.E.2d 910,

913 (Ct. App. 1988) ("Ordinarily, the common law imposes no duty on a person to act. An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance."); *Laidlaw Env't Servs. v. Honeywell, Inc.*, 966 F.Supp. 1401, 1414 (D.S.C. 1996) (finding "[a] buyer-seller relationship does not constitute a 'special relationship'"), *aff'd*, 113 F.3d 1232 (4th Cir. 1997); *see also Madison*, 371 S.C. at 136, 638 S.E.2d at 656 ("Under South Carolina common law, there is no general duty to control the conduct of another or to warn a third person or potential victim of danger."); *Burnett v. Fam. Kingdom, Inc.*, 387 S.C. 183, 189, 691 S.E.2d 170, 174 (Ct. App. 2010) ("At common law, a person ordinarily has no duty to protect another from a harm inflicted by a third party.").

Additionally, the undisputed facts and circumstances of this case are insufficient to create an implied duty. In *Wright v. Craft*, this court stated an implied duty to disclose information about a vehicle's condition arises when "one party expressly reposes a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other . . . ." 372 S.C. 1, 25, 640 S.E.2d 486, 499 (Ct. App. 2006) (quoting *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 101, 594 S.E.2d 485, 497 (Ct. App. 2004)). We struggle to understand how Target could have reposed any trust or confidence in Grand Strand, particularly when Grand Strand was not a party to the transaction when Target bought this truck from Grainger Companies (Grainger). We cannot accept Target's position that the Manheim auction policy supports the existence of an implied duty. If we accepted this argument, the distinction between contract and tort actions would vanish, for every breach of a contractual duty would arguably support a claim for negligence. Accordingly, on these facts, we cannot agree that Target placed trust in an unknown party with which it did not communicate.

We respectfully reject Target's argument that the Unfair Trade Practices Act (UTPA) imposes a duty supporting a negligence claim. *See Denson v. Nat'l Cas. Co.*, 439 S.C. 142, 148, 886 S.E.2d 228, 231 (2023) (finding a statute does not create an actionable duty simply because it defines due care; "[o]therwise[,] every statute that specified a standard of care would be automatically enforceable by tort suits for damages—every statute in effect would create an implied private right of action—which clearly is not the law" (emphasis omitted) (quoting *Cuyler v. United States*, 362 F.2d 949, 952 (7th Cir. 2004))). First, it is well established that "the []UTPA is not available to redress a private wrong because an unfair or deceptive act that affects only the parties to the transaction is beyond the scope of the []UTPA." *Woodson v. DLI Props., LLC*, 406 S.C. 517, 530, 753 S.E.2d 428, 435 (2014). Thus,

even with the statute's broad language, we find the UTPA cannot be used to create a duty supporting a private suit for negligence. Second, the UTPA's "purpose is to give additional protection to victims of unfair trade practices." *deBondt*, 342 S.C. at 270, 536 S.E.2d at 407 (citation omitted). Reading the UTPA as supplying both the main remedy and the "additional protection" would distort that purpose. *See CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) ("The cardinal rule of statutory interpretation is to ascertain and effectuate the intent of the legislature. In doing so, we must give the words found in the statute their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." (citation modified)). Though the facts supporting a negligence claim might well also support a UTPA claim, we are convinced that the act itself does not support a duty that is actionable in negligence.

For the same reasons, we affirm the circuit court's decision to grant summary judgment on Target's fraud and negligent misrepresentation claims. *See West v. Gladney*, 341 S.C. 127, 134, 533 S.E.2d 334, 338 (Ct. App. 2000) (noting "[f]raud based on a misrepresentation and negligent misrepresentation both include a requirement that the plaintiff justifiably relied on the misrepresentation made by the defendant"); *see also deBondt*, 342 S.C. at 268, 536 S.E.2d at 406 (affirming the circuit court's grant of summary judgment on a negligent misrepresentation claim because there was "no indication that Mercedes made a representation to deBondt"). *West* and *deBondt* establish that these claims fail as a matter of law when the alleged misrepresentation is not made directly to the plaintiff. That did not happen in this case. Just as Mercedes never made a representation to deBondt, Grand Strand did not make any representation directly (or even indirectly) to Target. Accordingly, we hold summary judgment was appropriate on these claims.

As to Target's claim under the Dealers Act, we affirm the circuit court's grant of summary judgment because the Dealers Act does not apply to this case as Target, Grand Strand, and Grainger are car dealers. *See Freeman v. J.L.H. Invs., LP*, 414 S.C. 362, 373, 778 S.E.2d 902, 908 (2015) (explaining "the Legislature enacted . . . the Dealers Act . . . for the purpose of consumer protection"); *Mid-State Auto Auction of Lexington Inc. v. Altman*, 324 S.C. 65, 69 n.4, 476 S.E.2d 690, 692 n.4 (1996) (overruling *Connecticut Indemnity Co. v. Burdette Chrysler Dodge Corp.*, 317 S.C. 406, 453 S.E.2d 902 (1994), "to the extent it recites that the latter part of [section] 56-15-320 allows recovery by anyone, not just motor vehicle owners, for loss or damage suffered as the result of a dealer violating any of the provisions in Chapter 15 of Title 56").

Additionally, even if the Dealers Act applied, a dealer is only subject to liability when it "engage[s] in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of the parties or to the public." S.C. Code Ann. § 56-15-40(B) (Supp. 2024). Here, it is undisputed that Target did not rely on any alleged misrepresentation made by Grand Strand because Grand Strand never made any representations to Target. Target admits that it solely relied on representations made by Grainger. Thus, the record before us does not contain a disputed fact that would create an inference that Grand Strand caused any harm to Target.

As to Target's claim under the UTPA, we again find that the record fails to demonstrate a causal connection between the alleged harm and the alleged deceptive act. *See State ex rel. Wilson v. Ortho-McNeil-Janssen Pharms., Inc.*, 414 S.C. 33, 57–58, 777 S.E.2d 176, 189 (2015) ("[The] []UTPA requires that a private claimant suffer an *actual* loss, injury, or damage, and requires a causal connection between the injury-in-fact and the complained of unfair or deceptive acts or practices."). We respectfully cannot agree with Target's characterization of events because the record does not demonstrate that Grand Strand's alleged misrepresentation was "repeated" to Target. Grand Strand acknowledges that it made a representation to Grainger, but then Grainger learned about the truck's accident history, made the same representation to Target, and Target repeated it to the customer. In other words, Grainger decided to resell the truck under the auction's green light based on its independent knowledge of the truck's condition. The record contains no evidence that Target relied on any statement that can be attributed to Grand Strand when it purchased the truck at the second auction. In light of the fact that Target's reliance cannot plausibly be tethered to Grand Strand, we leave for another day the question of whether the original seller of an automobile may be liable for a misrepresentation even though the original seller never made a misrepresentation to the ultimate purchaser.

Accordingly, we affirm the circuit court's decision to grant summary judgment as the record fails to establish a duty or a causal connection between Grand Strand's alleged misrepresentation and Target's alleged harm.

**AFFIRMED.**

**THOMAS, HEWITT, and CURTIS, JJ., concur.**