CuRia, per
Nott, J.
The question submitted is, whether the plaintiff is concluded by the judgment of the ordinary, and the verdict of the jury, on appeal from his decree, from denying the insanity of the testator and his consequent want of authority to sell ?
The executor derives his powers over the goods .of his testator from the grant of the ordinary, but not so with regard to lands devised, or an authority to sell lands. These the devisee takes directly under the will, and immediately from the testator. The fee cannot be in abeyance, and on his death it vests eo instanti. Vide Bae. Abr. Tit. Executors and Administrators, E. and note, (1.) It follows therefore, that the ordinary has no jurisdiction over the lands, and however competent he may be to the determination of questions affecting them incidentally, as that the testator was insane, or the will forged, he can make no order, or give judgment with respect to them, which will be binding on either the immediate parties to the contract or others; and it follows as a consequence, that his judgment is not conclusive so far as the real estate is concerned. If he allows the will, his probate is not evidence against the heir at law. The original must be produced and proved. If he rejects it, the devisee, for the same reason, will be permitted to set it up in opposition to the heir
*219 These positions are not denied; but it is contended that a jury has pronounced on the insanity of the plaintiif’s testator, and for that reason he is concluded. But it must be recollected that the powers of the court of common pleas in respect to this matter is entirely appellate, and is conferred solely with the view of controuling the ordinary in the wilful, ignorant, and corrupt administration of justice, and in the end is only authorative so far as to put him right when he has erred.
A will is propounded for probate in the court of ordinary, it is rejected on the ground that it was forged, or that the testator was non compos, an appeal lies directly to the court of common pleas, where a jury is charged to try the question, and although by the practice of the courts in this state, the trial is gone into de novo as regards the object, the power is appellate, and the ordinary is bound to conform his judgment to the finding of the jury : so that, it is but the judgment of the court of ordinary allowing or disallowing the will corrected by an appellate tribunal.
Let us suppose that the result of this case had been different, and that the jury had found for the will, and under that finding the ordinary had admitted it to probate, would that probate have concluded the defendant from going into evidence to prove that the testator was insane ? Surely not, if the rule that the devisee derives his title to the lands immediately from the testator, and not through the ordinary, is to prevail, and if the probate would not be evidence, his judgment rejecting it would be equally inconclusive. Reasoning from these premises, the conclusion necessarily follows, that the plaintiff was mot estopped by the judgment, and the same conclusion will I think result from another view of the case.
It is amongst the peculiar properties of an estoppel that it must be reciprocal and equally binding on both parties, for if a stranger to the record might plead it as an estoppel *220 against one wbo is a privy to it, tlie privy might plead ii against a stranger, and thus one who had no opportunity of being heard, and who perhaps has evidence not before adduced, would be concluded. Com. Dig. title Estoppel B. note n. Now the ordinary had no jurisdiction on the subject of the devise in question. The defendant was therefore neither party nor privy to those proceedings in any sense of the term, consequently he could not have been estopped by the judgment; for although a question incidentally affecting his title, may have been determined he might answer in an action calling his title in question, that he had no opportunity of defending his title, and that he had in his power conclusibe evidence to establish the converse. As the defendant was not estopped, it follows, that he cannot use it as an estoppel against the plaintiff.
Nonsuit set aside.