1138

Bronnie. BOWEN, individually and for the benefit and on the behalf of all others similarly situated, Appellant v. U. S. CAPITAL CORPORA- TION, and Resort Development Corporation, a subsidiary of U. S. Capital Corporation, Respondents.

(367 S. E. (2d) 474)

Court of Appeals

*C. Bradley Ruffin, Jr.,* Surfside Beach, *for appellant.*

*Hardwick Stuart, Jr., D. Christian Goodall,* and *Theodore von Keller* of *Adams, Quackenbush, Herring & Stuart,* Columbia, *for respondents.*

Heard Jan. 26, 1988.

CURETON, Judge:

This case involves the right to accrued interest on downpayments placed in an interest bearing escrow account. The appellant, Bronnie Bowen, represents a class of over five hundred people who contracted to purchase condominium units from the defendants, U. S. Capital and Resort Development Corporation. Each purchaser provided a ten percent downpayment to the defendants which was deposited in an interest bearing escrow account. The Statement of the Case indicates the funds were escrowed for a substantial period of time during construction of the condominium projects. The controversy arises over the right to the accrued interest. Both Bowen and the defendants claim the interest. The trial court granted summary judgment to U. S. Capital and Resort Development Corporation (RDC). We reverse and remand for trial.

Bowen claims U. S. Capital and RDC violated Real Estate Regulation 105-21(F). This regulation deals with the handling of funds by a real estate broker and allows trust funds to be placed in an interest bearing account. The regulation further provides that "interest earned shall belong to the owner of the funds, unless otherwise agreed to in writing."

The required writing must be a separate document and not part of a pre-printed contract form. U. S. Capital and RDC claim they are not governed by the regulation because of the exemption in *S. C. Code Ann.* Section 40-57-30 (1986). This code section exempts the sale of real estate by the owner from Chapter 57 of Title 40 relating to real estate brokers. Additionally, the defendants assert they have been designated the owner of the interest by virtue of an agreement with the South Carolina Securities Commissioner and an Escrow Agreement approved by the Commissioner.

In order for summary judgment to be granted, it must be clear that no issue of fact is involved and the conclusions to be drawn from the facts must be undisputed. Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Shea v. State Department of Mental Retardation,* 279 S. C. 604, 310 S. E. (2d) 819 (Ct. App. 1983) *rev'd on other grounds; McCall v. Batson,* 285 S. C. 243, 329 S. E. (2d) 741 (1985); *Garrett v. Snedigar,* 293 S. C. 176, 359 S. E. (2d) 283 (Ct. App. 1987).

The record indicates U. S. Capital is the owner of the property and RDC is a subsidiary of U. S. Capital.[1] The sales agreements designate RDC as the seller. RDC had a South Carolina real estate license at all times relevant to this action. The individual sales persons who procured the agreements were licensed South Carolina real estate agents or brokers with their licenses listed with RDC. It is admitted that none of the purchasers signed a separate document which granted RDC or U. S. Capital the right to retain all interest earned on the escrow account until the closing on the condominiums. The purchase agreements contain no specific reference to disposition of accrued interest on the escrowed downpayment.

The trial court granted summary judgment to the defendants on two grounds. First, it found the defendants were

---

[1] After argument, counsel for U. S. Capital and RDC filed a motion to submit after discovered evidence relating to ownership of the property. The motion was denied because it was not timely under Supreme Court Rule 8, Section 7 and not within the confines of Supreme Court Rule 24. Based upon our disposition of this appeal, the parties may present this evidence in the court below.

owners of the property as contemplated by Section 40-57-30 and therefore were exempt from the regulations. Second, it found the defendants were the owners of the interest by virtue of an Agreement with the South Carolina Securities Commissioner and Escrow Agreement approved by the Commissioner.

As to the first ground of the ruling, further inquiry into the facts is desirable to clarify the application of the law. The defendants claim the sale of the real estate was by the corporate owner through its employees and did not involve the services of an "independent contractor/broker." They admit that if the sale involved an independent contractor/broker, the real estate commission regulations apply. However, there is no evidence in the record about the relationship between the brokers and the defendants. In determining whether someone is an independent contractor or a servant, the proper test is whether the alleged master has the right and authority to control and direct the manner or means of accomplishing the work. *Anderson v. West,* 270 S. C. 184, 241 S. E. (2d) 551 (1978); *Watkins v. Mobil Oil Corporation,* 291 S. C. 62, 352 S. E. (2d) 284 (Ct. App. 1986). Bare conclusory statements about relationships are not sufficient to establish the factual record. Further, the defendants claim RDC is a subsidiary of U. S. Capital and is dominated by U. S. Capital. In their opinion, such dominance converts the employees of RDC into employees of U. S. Capital. We find no evidence in the record of such alleged dominance. Until the facts are developed concerning the brokers and their relationship to the defendants as well as the relationship of the defendants to each other, it is premature to rule upon this argument concerning the interpretation of the statute.

The trial court also held the defendants were exempt from Regulation 105-21 because they are the "owners" of the interest from the escrowed funds based upon the contracts with the purchasers and a subsequent Agreement and approved Escrow Agreement with the South Carolina Securities Commissioner. In making this finding the trial court placed emphasis upon a purchase agreement utilized by the defendants prior to May 1984 which stated the downpayment could be used by the seller in development. The

court observed the prior agreement made U. S. Capital the owner of the funds. However, the members of the plaintiff class did not sign purchase agreements containing this clause. Rather, the purchase agreements utilized in sales to the class members provided the downpayments were to be placed in escrow. The prior purchase agreements have no relevance to the current dispute.

The record does not reflect the background of the agreement between U. S. Capital and the Securities Commissioner. However, the agreement states it is designed to protect the presale buyers of U. S. Capital projects. Downpayments received by U. S. Capital are to be placed in an escrow account at an insured institution with trust powers. The escrow agent is to place the funds in an interest bearing account. Specific guidelines are stated for withdrawal of deposits. The text of the Agreement does not address interest on the funds other than to state the escrow agent shall receive its fees solely from the interest which accrues or from U. S. Capital. A separate Escrow Agreement was executed between U. S. Capital and the Citizens and Southern National Bank of South Carolina. The escrow agent agrees to pay the deposit to the appropriate recipient, whether U. S. Capital or the purchaser, when the deposit becomes available for release. Release of the deposit is determined by compliance with the terms of the purchase agreement. As to interest, the defendants base their argument of ownership upon the following language contained in the Escrow Agreement.

> U. S. Capital agrees to pay the Escrow Agent for the services hereunder by the Escrow Agent, and it is understood that such payment may be made in whole or in part from interest accruing on the escrow account *which shall at all times be the property of U. S. Capital.* (emphasis added)

We fail to see where this language supports U. S. Capital's position that it is the owner of the interest to the exclusion of the purchaser who made the downpayment. This language is not contained in the purchase agreements for the property. The only reference in the two versions of the purchase agreements is that the downpayments will be placed in

escrow or will be placed in an interest bearing escrow account pursuant to an agreement with the South Carolina Securities Commissioner. Ownership of interest is not mentioned in either version of the purchase agreement. The record contains no evidence one way or the other as to whether a copy of the Escrow Agreement was provided to the prospective purchaser or he was advised of its contents.

The defendants argue the Escrow Agreement was approved by the Securities Commissioner and they are entitled to rely upon it to establish ownership of the interest. The record contains no evidence about the review of the Escrow Agreement by the Securities Commissioner. The copy of the Escrow Agreement in the record does not affirmatively demonstrate approval by the Commissioner. The plaintiff class members were not parties to the Escrow Agreement. It was executed by representatives of U. S. Capital and the bank. There is no evidence of consent by the plaintiffs to be bound by the agreement. There is also no evidence in this record the Securities Commissioner was acting as a representative of the prospective purchasers with respect to the issue of interest. We fail to see how this factual record can support the defendants' argument on this ground. Further, this factual record does not provide this court with sufficient information to determine the legal validity of the conclusion of the trial court on this matter.

Based upon our finding the factual record is insufficient for summary judgment, the decision of the trial court is

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.