1283

Betty L. FREEMAN, Appellant v. COLWELL MORTGAGE
CORPORATION, Respondent.
(377 S. E. (2d) 108)

Court of Appeals

*J. Allen Lewis, Jr.,* of *Yarborough, Lewis & Weaver,* Florence, *for appellant.*

*W. Francis Marion, Jr.,* Greenville, *for respondent.*

Heard Dec. 14, 1988.

Decided Jan. 23, 1989.

CURETON, Judge:

This case involves an alternative order in claim and delivery. The trial judge held the order did not create a lien against the property of Appellant—Betty L. Freeman and thus Colwell was not negligent in failing to remove the order from the public record after notice. Freeman appeals from the trial court's granting of Colwell's motion for summary judgment. We reverse.

In 1976 Appellant—Betty L. Freeman and her husband purchased a mobile home and financed it through Wilson Mortgage & Finance Corporation. Wilson Mortgage subsequently became Colwell Mortgage Corporation, the Respondent in this appeal. In 1978, Freeman and her husband divorced.

In 1982, Colwell brought a claim and delivery action to repossess the mobile home or obtain a money judgment against Freeman and her ex-husband. The trial court issued its default judgment finding Colwell entitled to possession of the mobile home and if possession could not be had then Colwell "to have judgment for the reasonable value of the property, the sum of $10,120.74 plus $1518.11 attorney fees and $30.00 costs for this action, for a total judgment of $11,668.85." The mobile home was repossessed, but the "Order For Judgment" was not removed from the records of the Clerk of Court.

In June 1985, Freeman discovered the "Order For Judgment" while attempting to sell her home. At that time she notified Colwell and demanded a "release" from the judgment. Freeman alleges Colwell failed to release the judgment until November 1985. In her complaint Freeman specified as an allegation of negligence the failure to remove the judgment in a reasonable and timely manner. She alleged she was unable to sell her home as a result of Colwell's negligence even though she had a purchaser.[1] She seeks recovery of lost profits. She also claims she suffered mental anguish and the loss of a good credit rating and standing in her community.

Freeman first argues the trial court committed error in finding the "Order For Judgment" was a conditional judgment which did not create a lien on Freeman's property. She argues the "Order For Judgment" was an alternative judgment which constituted a final monetary verdict and in turn constituted a lien on her real estate.

Section 15-69-210, Code of Laws of South Carolina, 1976, permits the recovery of an alternative judgment of possession of the item or the value of the item in case delivery cannot be had and for damages for the detention of the item. Pursuant to the language of Section 15-69-210, our courts have long held it proper to render alternative judgments in claim and delivery actions. *See Burnett v. Boukedes*, 240 S. C. 144, 125 S. E. (2d) 10 (1962); *Wilkins v. Willimon*, 128 S. C. 509, 122 S. E. 503 (1924).

Under South Carolina law, a judgment represents a judicial declaration that a judgment debtor is personally indebted to a judgment creditor for a sum of money. *Ducker v. Standard Supply Co., Inc.*, 280 S. C. 157, 311 S. E. (2d) 728 (1984). The trial court found the "Order For Judgment" did not become a final monetary judgment because the mobile home was repossessed. Thus, the alternative judgment for damages never became an unconditional money judgment and a lien never existed against the property of Freeman. The court concluded there can be no duty to extinguish a nonexistent lien.

---

[1] At oral argument Freeman's counsel indicated the contract to sell the property expired during the period between notice by Freeman to Colwell and the release of the judgment. The record is unclear on this point.

We hold that whether or not the "Order For Judgment" created a valid lien is not dispositive of the issue here involved. Rather, the issue is whether the "Order For Judgment" clouded Freeman's title, thus imposing a duty on Colwell to act with diligence to remove the cloud after demand was made by Freeman. A cloud on title is a claim which on its face appears valid, but resort to extrinsic evidence will show its invalidity. *McArthur v. Griffith*, 147 N. C. 545, 61 S. E. 519 (1908); *York v. Newman*, 2 N. C. App. 484, 163 S. E. (2d) 282 (1968). Clearly, one examining Freeman's title would have no way of knowing whether the monetary component of the "Order For Judgment" was effective without resort to extrinsic evidence. Additionally, the "Order For Judgment" contains no hint that Colwell has obtained possession of the mobile home thus invalidating its alternative mandate for money damages. We thus hold the "Order For Judgment" constituted a cloud on Freeman's title.

We next face the question of whether Freeman has a cause of action in negligence against Colwell for failure to cancel the order or release Freeman's property from the effect of the order. The elements of a cause of action in negligence are duty, breach of that duty, proximate cause, and resulting injury. *Shipes v. Piggly Wiggly St. Andrews, Inc.*, 269 S. C. 479, 238 S. E. (2d) 167 (1977). Colwell argues it had no duty to Freeman. "Generally, 'duty' is the obligation to conform to a particular standard of conduct toward another." *Id.* at 483, 238 S. E. (2d) at 168. A duty of care exists at common law if created by statute, contract, relationship, status, property interest, or some other circumstance. *Jensen v. South Carolina Department of Social Services*, ____ S. C. ____, 377 S. E. (2d) 102 (Ct. App. 1988); *See* 57 Am. Jur. (2d) *Negligence* Section 36 (1971). We hold that the association between Colwell and Freeman after Freeman demanded satisfaction of the order imposed a duty of care upon Colwell to act in a way toward Freeman to avoid injury to her. It is not clear from the factual record when Freeman lost the sale of her home in relation to the notice to Colwell and the release of the "Order For Judgment." The facts need to be developed to determine the validity of her claim. Summary judgment is not appropriate

where further inquiry into the facts of the case is desirable to clarify the application of the law. *Bowen v. U. S. Capital Corp.*, 295 S. C. 201, 367 S. E. (2d) 474 (Ct. App. 1988).

We find no merit to Colwell's argument that any negligence in satisfying the "Order For Judgment" was that of the sheriff. Colwell bases its argument on Section 22-3-1470, Code of Laws of South Carolina, 1976, which requires an officer who executes on property to return the execution to the issuing magistrate within sixty days after receipt of the execution. This argument misses the point. Regardless of the conduct of the sheriff, the fact remains the order remained of record and Colwell had a duty, after notice of its probable detrimental effect, to use due care to ensure it did not injure Freeman.

We therefore hold a factual question exists whether Colwell acted reasonably under the circumstances to avoid injury to Freeman after notice of the probable injurious effect of the "Order For Judgment." The grant of Colwell's motion for summary judgment was error.

Reversed.

SHAW, J., concurs.

BELL, J., concurs in the result.