488 S.E.2d 862

**Brenda WILSON, Appellant,**

v.

**James MOSELEY, James Fayssoux, Samuel Stilwell and Tom Bozeman, jointly and individually, Respondents.**

No. 24664.

Supreme Court of South Carolina.

Heard June 6, 1996.

Decided Aug. 4, 1997.

Brenda Wilson, pro se.

Thomas H. Bozeman, of Grayson, Smith, Stodghill & Price, Greenville, pro se.

Robin B. Stilwell, Greenville, for respondent Samuel Stilwell.

Samuel W. Outten and Jack H. Tedards, Jr., both of Leatherwood, Walker, Todd & Mann, Greenville, for respondents James Moseley and James Fayssoux.

FINNEY, Chief Justice:

In this attorney malpractice action, Appellant Brenda Wilson appeals the granting of summary judgment in favor of respondents. We affirm.

Appellant purchased real property from an individual who had acquired the property through a tax sale in 1983. Respondent Moseley closed this purchase for appellant. Appellant refinanced the property through Carolina Investors. Respondent Fayssoux closed the refinancing transaction and issued a title insurance policy. Appellant subsequently defaulted on the note and mortgage held by Carolina Investors and the mortgage was foreclosed.

Appellant commenced this action alleging respondents committed attorney malpractice. Respondents individually filed motions for summary judgment. The trial judge granted the summary judgment motions in favor of each of the respondents and appellant's complaint was dismissed with prejudice.

Appellant essentially asserts respondents breached their duties as attorneys because they failed to discover and disclose a tax deed in the chain of title. Appellant claims because of the alleged defective title, she was unable to sell the property and she stopped making mortgage payments; consequently, the property was foreclosed.

Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Cafe Associates, Ltd. v. Gerngross,* 305 S.C. 6, 406 S.E.2d 162 (1991). In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the non-moving party. *Id.*

Based on the evidence presented, the circuit court found respondents were entitled to summary judgment as a matter of law. We agree. The circuit court was faced with the question whether the tax deed clouded appellant's title, thus imposing a duty on the closing attorneys to act with

diligence to discover and remove the cloud. "A cloud on title is a claim which on its face appears valid, but resort to extrinsic evidence will show its invalidity." *Freeman v. Colwell Mortgage Corp.,* 297 S.C. 335, 377 S.E.2d 108 (1989). The deed of conveyance from a tax sale must be held and taken as prima facie evidence of a good title in the holder, that all proceedings have been regular and that all legal requirements have been complied with. S.C.Code Ann. § 12–51–160 (Supp. 1996).[1] No action for the recovery of land sold under statutory provisions may be maintained unless brought within two years from the date of the tax sale. *Id.* Since more than two years had passed from the time of the tax sale, there was no factual issue whether there was a cloud on appellant's title. Even if there were a cloud, it was not the proximate cause of the foreclosure. The proximate cause of appellant's loss was her failure to make payments according to the note, which obligations were separate and independent of any alleged problem with the title.

██ Further, appellant did not provide evidence that the property was unmarketable because of a defective title. Respondents presented evidence that the property has been resold at least once subsequent to appellant's possession and that she had marketable title. Accordingly, the trial judge properly found there was no genuine issue of fact whether there was a defect on appellant's title and granted summary judgment in respondents' favor.

The circuit court found that respondents Bozeman and Stilwell were not liable to appellant since neither represented her in connection with this matter. We agree. Accordingly, we affirm the circuit court's grant of summary judgment in favor of respondents Bozeman and Stilwell.

Since the above reasons for granting summary judgment are dispositive, we need not address the remaining grounds. We affirm the circuit court's grant of summary judgment in favor of all respondents and dismissal with prejudice.

AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

---

1. Current statutory language was previously codified at S.C.Code Ann. § 12–49–570, *repealed by* 1985 Act No. 166, § 17, effective January 1, 1986.