THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Thomas C. Meredith, III, and Lisa Marie Meredith,       
Appellants,
 
 
 

v.

 
 
 
Gerald Stoudemayer, Raynold
Stoudemayer, and Loretta S. Canon,        Respondents,
And, Gerald Stoudemayer,       
Third-Party Plaintiff,
 
 
 

v.

 
 
 
Bob Capes Realty, Inc.,       
Third-Party Defendant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2004-UP-012
Heard January 13, 2004  Filed January 
 14, 2004

AFFIRMED

 
 
 
Gilbert Scott Bagnell, of Columbia, for Appellants.
G. Robin Alley and W. Joseph Isaacs, both of Columbia, for Respondents Raynold 
 Stoudemayer and Loretta S. Canon.
J. Layne Birdsong and James B. Richardson, Jr., both of Columbia, for Respondent 
 Gerald Stoudemayer.
 
 
 

PER CURIAM:  Thomas and Lisa Meredith commenced 
 this action seeking to enforce a contract of sale for the purchase of certain 
 property.  Loretta Canon and Raynold Stoudemayer answered and counterclaimed 
 asserting that they had a right of first refusal on the property.  Gerald Stoudemayer, 
 owner of the property, answered the complaint.  Gerald moved for summary judgment, 
 asking the court to determine which of the prospective purchasers had the right 
 to purchase his property and indicating his willingness to sell to either.  
 The court entered a partial summary judgment in favor of Loretta Canon and Raynold 
 Stoudemayer.  This appeal follows.
FACTS
At issue in this litigation is a parcel 
 of undeveloped property known as Tract 2, Stoudemayer Road located in Richland 
 Country, South Carolina.   Prior to 1998, this property was part of a single 
 150-acre tract owned by George Stoudemayer, who died on May 24, 1998, and was 
 survived by his four children: Gerald Stoudemayer, Raynold Stoudemayer, Loretta 
 Canon, and Sandra Smith.  A duly executed codicil to George Stoudemayers Last 
 Will and Testament addressed the distribution of the 150-acre tract:

I give to my Personal Representatives the tract of 150 acres, 
 more or less, in Richland County inherited by me from my father, shown on a 
 plat by Arthur J. Weed, dated October 9, 1975, which is attached hereto and 
 incorporated herein, for the purposes of dividing the same among my children 
 in accordance with the division shown on said plat as follows:
Tract 1 to my son, Raynold Stoudemayer
Tract 2 to my son, Gerald Stoudemayer
Tract 3 to my daughter, Sandra S. Smith
Tract 4 with my house to my daughter, Loretta S. Canon.
Each of said children shall have the use of the road as access 
 to their tract and the use of the pond on the property.
None of my children shall sell their tract to any person without 
 first offering it to my other children at the same price as any bona fide offer 
 received.  Either or all of my other children shall have the right of first 
 refusal to purchase the tract on the same terms by notifying the child desiring 
 to sell of the exercise of such right, in writing, within fifteen (15) days 
 from receipt of written notice of the offer received.

Raynold Stoudemayer and Loretta Canon 
 were appointed as the estates personal representatives and executed a deed 
 of distribution, dividing the 150-acre tract into four parcels, including the 
 property passed to Gerald Stoudemayer.
 Beginning in 1999, Gerald Stoudemayer 
 sought to sell his portion of the property.  On November 17, 2000, he signed 
 a contract with Thomas Meredith and Lisa Meredith for sale of the property.  
 As required under the codicil, Raynold Stoudemayer and Loretta Canon received 
 notice of the contract, and in turn, notified Gerald Stoudemayer of their desire 
 to exercise the right of first refusal included in the codicil.  On December 
 28, 2000, Raynold Stoudemayer and Loretta Canon signed a contract with Gerald 
 Stoudemayer for sale of the property.
The Merediths commenced this action seeking to 
 enforce their contract to purchase the property.  Loretta Canon and Raynold 
 Stoudemayer answered, asserting they had a right of first refusal on the property.  
 Gerald Stoudemayer answered the complaint and moved for summary judgment.  The 
 trial court granted partial summary judgment in favor of Loretta Canon and Raynold 
 Stoudemayer, determining the property is subject to the right of first refusal 
 described in the codicil.
ISSUE
Did the trial court correctly rule that 
 Raynold Stoudemayer and Loretta Canon have a valid right of first refusal over 
 the property owned by Gerald Stoudemayer?
STANDARD OF REVIEW
To obtain summary judgment, the moving party must 
 demonstrate there is no genuine issue of material fact and the moving party 
 is entitled to a judgment as a matter of law.  Rule 56, SCRCP; Wilson v. 
 Moseley, 327 S.C. 144, 146, 488 S.E.2d 862, 863 (1997).  As a conclusion 
 of law, we review the trial courts grant of summary judgment de novo.  See 
 Wells v. City of Lynchburg, 331 S.C. 296, 301, 501 S.E.2d 746, 749 (Ct. 
 App. 1998) (An appellate court reviews the granting of summary judgment under 
 the same standard applied by the trial court.).
LAW/ANALYSIS
 The Stoudemayer siblings assert that their 
 contract should prevail by virtue of the right of first refusal under the codicil.  
 The Merediths contend that the Stoudemayer siblings right of first refusal 
 under the codicil should be given no effect because the deed of distribution 
 executed by the personal representative did not include any restriction in its 
 granting clause and thus conveyed fee simple title to Stoudemayer.  We disagree.
We turn first to the language of the codicil to 
 determine its effect.  The applicable language of the codicil provides, I give 
 to my Personal Representatives the tract of 150 acres, more or less . . . for 
 the purpose of dividing the same among my children.  At the outset, we think 
 it clear that the phrase, give to my personal representatives, did not carry 
 with it the legal effect of creating a devise of the 150-acre tract of land 
 to the estates fiduciary, nor does the document suggest George Stoudemayer 
 harbored such an intent.  We need not resort to a mechanistic recitation of 
 the canons of construction to arrive at such a conclusion.  Common sense compels 
 this result.  Buttressing this analysis is the verbiage of the codicil devising 
 the property:

If prior to my death the expense for my care, support and 
 maintenance exceeds funds which I have on hand and such expense is then paid 
 by my children, or any of them, it is my will that they share such expense in 
 proportion to the interest in the real estate above devised to them.  
 (Emphasis added).

George Stoudemayer devised his 150-acre tract of 
 land to his progeny, not to those with the fiduciary obligation of administering 
 his estate.  
We address the Probate Code for the purpose of 
 determining the precise point at which the property was transferred to the four 
 devisees.
South Carolina Code section 62-3-101 states, Upon 
 the death of a person, his real property devolves to the persons to whom it 
 is devised by his last will . . . and his personal property devolves, first, 
 to his personal representative . . . .  S.C. Code Ann. § 62-3-101 (Supp. 2003).  
 This section stands as the modern codification of the common law rule first 
 stated in Executors of Crosland v. Murdock:

The executor derives his powers over the goods of his testator 
 from the grant of the ordinary, but not so with regard to lands devised, or 
 an authority to sell lands.  These the devisee takes directly under the will, 
 and immediately from the testator.  The fee cannot be in abeyance, and on his 
 death it vests eo instanti.

15 S.C.L. (4 McCord) 217, 218 (1827).  Thus, while 
 a devisees title to real property remains subject to the personal representatives 
 handling of administrative costs and creditors claims, the personal representative 
 never actually takes title to the devised real property.  In contrast, as denoted 
 by the final portion of the above statutory excerpt, personal property receives 
 an altogether different treatment.  Unlike its treatment of real property, the 
 Code specifically dictates that personal property actually devolves to the personal 
 representative.  See Gibson v. Belcher, 287 S.C. 315, 318, 338 
 S.E.2d 330, 332 (1985) (It has long been the law in South Carolina that upon 
 the testators death, title to the personal property vests in the executor.).  
 This disparate treatment of real property and personal property provides the 
 key to understanding the legal consequence of the deed of distribution Raynold 
 Stoudemayer and Loretta Canon executed in compliance with the Probate Codes 
 requirement that one be executed whenever distribution is made in kind.  See 
 S.C. Code Ann. § 62-3-907 (Supp. 1987).
At the time George Stoudemayers estate was administered, 
 the Code did not give deeds of distribution the effect of conveying title.  
 From 1987 to 2000, the Probate Code provided as follows: 
 [1] 

If distribution in kind (whether real or personal property) 
 is made, the personal representative must execute an instrument or deed of distribution 
 assigning, transferring, or releasing the assets to the distributee as evidence 
 of the distributees title to the property.

S.C. Code Ann. § 62-3-907 (1987).  Giving the statute 
 its plain meaning, the deed of distribution is evidence of a distributees 
 title; it is not the method by which a distributee takes title. 
Moreover, through its use of the words assigning, 
 transferring, or releasing, the Probate Code plainly anticipates deeds of distribution 
 as having three possible effects.  As relates to distributions of real property, 
 however, that function can neither be one of assignment nor of transfer because 
 the Probate Code unmistakably establishes that title to real property is transferred 
 at the time of the testators death.  S.C. Code Ann. § 62-3-101 (Supp. 1987).  
 Thus, as relates to real property, the deed of distribution carries the third 
 functionthat of release.  That is, the deed of distribution acts as an official 
 declaration that the property is no longer subject to the personal representatives 
 handling of administrative costs, creditors claims, and the like.
In sum, title to the real property passed to Stoudemayer 
 immediately upon the death of his father.  The subsequently executed deed of 
 distribution merely evidenced Stoudemayers title to the land while also acting 
 as an official release of the land from the personal representatives administrative 
 control.  As a consequence, the right of first refusal described in the codicil 
 remains in full effect. 
AFFIRMED.
GOOLSBY and ANDERSON, JJ., and
CURETON, A.J., concur.

 
 
 
 [1] Effective August 17, 2000, the General Assembly amended  § 62-3-907 
 such that the entire former section was redesignated § 62-3-907(A) and subsections 
 (B) and (C) were added to address specific distributions of real property.  
 These amendments, however, took effect after the execution of the deed of 
 distribution.  As such, the 2000 amendments have no bearing on the case at 
 bar.