THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lee Berlinsky, Appellant,
 
 
 

v.

 
 
 
 Palmetto
 Federal Savings Bank of South Carolina, Respondent.
 
 
 

Appeal From Charleston County
  Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2008-UP-231
 Submitted April 1, 2008  Filed April 15,
2008

AFFIRMED

 
 
 
 
 Michael S. Seekings, of Charleston, for Appellant.
 David J. Mills, of Georgetown and Robert L. Widener, of Columbia, for Respondent.
 
 
 
 

PER CURIAM: Lee
 Berlinsky appeals the trial courts grant of summary judgment based on the Statute of Frauds in his action against Palmetto Federal Savings Bank
 of South Carolina for breach of loan contract.  We affirm.[1]
FACTS

Berlinsky and his brother jointly owned
 property at 103 Ashley Avenue in Charleston, South Carolina.  Berlinsky sought
 financing from Palmetto Federal Savings
 Bank of South Carolina (Bank) in order to purchase his brothers half interest
 in the property.  On August
 7, 1996, Berlinsky met with Dana Grooms, a loan officer in the Banks Meeting Street office, to discuss Berlinskys mortgage needs and the types of loans the Bank
 offered.  Specifically, Berlinsky was interested in an $80,000 mortgage at a
 30-year fixed rate of nine percent.  During their meeting, Grooms informed
 Berlinsky other Bank employees would review his loan application.  When he left
 the August 7 meeting, Berlinsky believed he and the Bank were in the process of
 completing a loan application, but did not believe he had a commitment from the
 Bank for an $80,000 loan.  After the meeting, Berlinsky completed the loan application
 and began gathering necessary documentation for approval.  
Berlinsky and Grooms remained in contact through additional
 meetings and phone calls.  Berlinsky testified he believed the Bank had
 approved a loan at the desired nine percent rate based on his interactions with
 the Bank.   However, Grooms testified she only offered to refinance Berlinskys
 first mortgage rather than loan him $80,000 secured by a second mortgage.    Believing
 the Bank had approved his loan, Berlinsky scheduled a closing date for
 September 13, 1996.  On September 11, 1996, Grooms informed Berlinsky the Bank
 had not approved his fixed-rate mortgage.  Grooms and Emory Ware, Grooms
 direct supervisor, met with Berlinsky thereafter[2] and explained why his loan had not been approved.  At the meeting, they offered
 Berlinsky alternative financing and Berlinsky declined their offer.  
Berlinsky brought suit against the Bank for negligent
 misrepresentation, breach of contract, and breach of contract accompanied by a
 fraudulent act.  In his complaint, Berlinsky alleged he had to seek alternative
 financing with another lending institution at a higher percentage rate with a
 longer amortization and incurred closing costs of $3,100 as a result of the
 Bank failing to honor its loan commitment.  The Bank moved for summary judgment
 based on the Statute of Frauds.  The trial court held Berlinskys claims were
 barred under Section 37-10-107 of the South Carolina Code (2002) and found
 there was no meeting of the minds between the parties.  The trial court denied
 Berlinskys motion for reconsideration as well as his alternative motion to
 alter or amend the judgment.  This appeal followed.  
STANDARD OF REVIEW
Summary
 judgment is appropriate when there is no genuine issue of material fact and the
 moving party is entitled to judgment as a matter of law.  Wilson v.
 Moseley, 327 S.C. 144, 146, 488 S.E.2d 862, 863 (1997).  In ruling on a
 motion for summary judgment, the evidence and all inferences which can be
 reasonably drawn therefrom must be viewed in the light most favorable to the
 non-moving party.  Id.
LAW/ANALYSIS
I.  Writing Requirement
 under Statute of Frauds
Berlinsky
 argues the trial court erred in granting the Bank summary judgment based on Section
 37-10-107 of the South Carolina Code (2002).  Berlinsky contends[3] what constitutes a writing is unclear under Section 37-10-107 because the
 statute does not set forth the elements such a writing must contain. 
 Furthermore, he maintains the record contains ample writings between the
 parties sufficiently setting forth the essential terms of the mortgage
 agreement.  We disagree.  
The
 Statute of Frauds prevents parties from maintaining legal or equitable actions
 based upon a failure to perform an alleged promise . . . . to lend or borrow
 money unless a writing evidences such a contract.  S.C. Code Ann. §
 37-10-107(1)(a) (2002).  In pertinent part, Section 37-10-107(1)(c) bars claims
 which involve:

 [A]
 principal amount in excess of fifty thousand dollars, unless the party seeking
 to maintain the action or defense has received a writing from the party to be
 charged containing the material terms and conditions of the promise,
 undertaking, accepted offer, commitment, or agreement and the party to be
 charged, or its duly authorized agent, has signed the writing.

S.C.
 Code Ann. §37-10-107(1)(c) (2002).  
Berlinskys
 causes of action against the Bank included:  (1) breach of contract; (2)
 negligent misrepresentation; and (3) breach of contract accompanied by a
 fraudulent act.  We find all of Berlinskys claims against the Bank are subject
 to the writing requirements set forth in Section 37-10-107(1) because he sought
 financing from the Bank for a loan in excess of $50,000.  Although Berlinsky
 contends the record contains ample writings between the parties setting forth
 the essential terms of the loan agreement, we find no such writing, evidencing
 the contract, exists.[4] 
 Berlinskys loan application is the only writing in the Record on Appeal
 containing material terms of a mortgage agreement and signed by Grooms, the
 Banks duly authorized agent.  Although it is signed by Grooms, we find this
 writing fails to satisfy the requirements of Section 37-10-107(1)(c) because it
 does not contain any indication of a promise, undertaking, accepted offer,
 commitment, or agreement between the parties.  The loan application merely
 indicates Berlinskys efforts in obtaining approval for a second mortgage.[5]  
Without
 any evidence to conclude otherwise, we find Section 37-10-107(1)(a), prohibiting
 legal or equitable relief based on failure to perform an alleged promise,
 bars Berlinskys breach of contract claims.  Likewise, since Section
 37-10-107(2)(d) also contains a writing requirement, it bars Berlinskys negligent
 misrepresentation claim.
II.  Real Estate Mortgage
 Exception
Alternatively,
 Berlinsky cites Section 37-10-107(3)(d) of the South Carolina Code (2002) and
 argues the real estate mortgage exception excludes his claim from the scope
 of the Statute of Frauds.  He contends his claims are not subject to the writing
 requirement because his transaction with the Bank concerned a second mortgage
 on an interest in real property which Section 37-10-107(3) excludes.  We
 disagree.
When
 courts are asked to define statutory terms, they must give the term its
 ordinary meaning.  Hernandez-Zuniga v. Tickle, 374 S.C. 235, 247, 647
 S.E.2d 691, 697 (Ct. App. 2007); State v. Landis, 362 S.C. 97, 102, 606
 S.E.2d 503, 505 (Ct. App. 2004) (When faced with an undefined statutory term,
 the court must interpret the term in accord with its usual and customary
 meaning.).  An ordinary and customary definition of real estate mortgage is
 a loan secured by an interest in real property.  See, e.g., Miller v.
 Eagle Star & British Dominions Ins. Co., of London, Eng., U.S. Branch, N.Y.,
 146 S.C. 123, 130-31, 143 S.E. 663, 666 (1928) (A chattel mortgage is a
 conveyance of some present legal or equitable right in personal property, as
 security for the payment of money, or for the performance of some other act.); Johnson v. Johnson, 27 S.C. 309, 315, 3 S.E. 606, 609 (1887) ([A]ccording
 to the common law, a mortgage was a conveyance of an estate by way of pledge
 for the security of a debt, and to become void upon the payment of it.);  See also Blacks Law Dictionary 821
 (7th ed. 2000) (A conveyance of title to property that is given as security
 for the payment of a debt or the performance of a duty and that will become
 void upon payment or performance according to the stipulated terms.). 
In
 the present case, we find Berlinskys claims are not subject to the real estate
 mortgage exception for the simple reason no mortgage ever existed.  Berlinskys
 suit arose from the Banks failure to close a loan it allegedly committed to
 make.  Berlinskys own assertions demonstrate the absence of such a
 commitment.  Furthermore, South Carolina jurisprudence provides merely
 preliminary negotiations between the parties . . . do not amount to an
 enforceable contract.  Electro Lab of Aiken, Inc. v. Sharp Constr. Co. of
 Sumter, Inc., 357 S.C. 363, 370, 593 S.E.2d 170, 174 (Ct. App. 2004); see also McLaurin v. Hamer, 165 S.C. 411, 420, 164 S.E. 2, 5 (1932) (stating
 there is no meeting of the minds between the parties when they are merely
 negotiating the terms of an agreement).  Seeking approval for a loan and
 entering into an enforceable mortgage agreement are clearly different; therefore,
 Berlinskys claims are subject to the writing requirements set forth in Section
 37-10-107(1) and are not excluded by Section 37-10-107(3)(d).  Accordingly, the
 trial court did not err in dismissing Berlinskys claims against the Bank.  
Because
 our determination on the Statute of Frauds issue is dispositive, we need not
 address whether the trial court erred in finding there was no meeting of the
 minds. Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598,
 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review
 remaining issues when its determination of a prior issue is dispositive of the
 appeal); Dwyer v. Tom Jenkins Realty, Inc., 289 S.C. 118, 120, 344
 S.E.2d 886, 888 (Ct. App. 1986) (Where a decision is based on two grounds,
 either of which, independent of the other, is sufficient to support it, it will
 not be reversed on appeal because one of those grounds is erroneous.).
CONCLUSION
The
 trial court properly granted the Banks motion for summary judgment based on
 the Statute of Frauds.  Accordingly, the trial courts decision is
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.
[2] Berlinsky contends this meeting occurred on September
13, 1996, while Grooms believes the meeting happened on September 16, 1996.  
[3] Berlinsky makes this argument although he contends
Section 37-10-107 does not apply to his dealings with the Bank.
[4] In his brief, Berlinsky cites page 261 of the Record
 on Appeal in support of this argument.  Page 261 contains only an argument from
 Berlinskys attorney explaining to the court he has lots of writings back and
 forth containing all of the essential terms of what [Berlinsky] says was his
loan, which are in the record. 
[5] Other writings between the parties include a:  (1)
 letter from Grooms to Berlinsky regarding the refinancing of his first real
 estate mortgage; (2) note and business card from Berlinsky to Grooms; (3)
 unsigned debt servicing worksheet; (4) unsigned loan decision worksheet; (5)
 unsigned loan worksheet; (6) letter from Berlinsky to the Bank regarding his
 unpleasant experience; (7) response letter from the Bank to Berlinsky; (8)
 letter from Grooms to Berlinskys secured creditors; and (9) verification of
Berlinskys first mortgage.