THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jack Krauss, Appellant,
 v.
 Andrew Dupre, Respondent.
 
 
 

Appeal From Charleston County
 John C. Few, Circuit Court Judge
Unpublished Opinion No. 2009-UP-090
Submitted February 2, 2009  Filed
 February 20, 2009
AFFIRMED

 
 
 
 Steven L. Smith and Zachary J. Closser, both of Charleston, for
 Appellant.  
 Andrew Dupre, Pro Se, of Charleston, Respondent.
 
 
 

PER CURIAM:  In this breach of contract action, Jack Krauss
 argues the trial court erred granting Andrew Dupre's summary judgment motion because
 additional facts should have been developed.  We affirm pursuant to Rule
 220(b), SCACR, and the following authorities: Wilson v. Moseley, 327 S.C.
 144, 146, 488 S.E.2d 862, 865 (1997) (stating summary judgment is appropriate
 when there is no genuine issue of material fact and the moving party is
 entitled to judgment as a matter of law); SSI Med. Servs., Inc. v. Cox, 
 301 S.C. 493, 497, 392 S.E.2d 789, 792 (1990) (holding the non-moving party may
 not rest upon the mere allegations or denials of his pleadings but must set
 forth specific facts showing there is a genuine issue for trial); S.C. Code
 Ann. §15-3-530(1) (2005) (indicating a three-year statute of limitations applies to breach of
 contract claims); Maher v. Tietex Corp., 331 S.C. 371, 377, 500 S.E.2d
 204, 207 (Ct. App. 1998) ("Pursuant to the discovery rule, a breach of
 contract action accrues not on the date of the breach, but rather on the date
 the aggrieved party either discovered the breach, or could or should have
 discovered the breach through the exercise of reasonable diligence."); Rushing v. McKinney, 370 S.C. 280, 295, 633 S.E.2d 917, 925 (Ct. App.
 2006) (holding Appellant was precluded from recovering on a theory of
 promissory estoppel where he "could not clearly articulate the terms of
 the alleged oral contract").   
AFFIRMED.
HEARN, C.J., PIEPER and LOCKEMY, JJ., concur.