678 S.E.2d 809

**Frank W. KERR, as personal representative for the Estate of Marta Butler Kerr, deceased, Appellant,**

v.

**RICHLAND MEMORIAL HOSPITAL, Respondent.**

No. 26667.

Supreme Court of South Carolina.

Heard April 8, 2009.

Decided June 15, 2009.

Charles L. Henshaw, Jr., of Furr, Henshaw & Ohanesian, of Columbia, for Appellant.

William H. Davidson, II and Andrew F. Lindemann, both of Davidson, Morrison & Lindemann, of Columbia, for Respondent.

Justice KITTREDGE:

This medical malpractice case turns on whether the six-year statute of repose in section 15–3–545(A) of the South Carolina Code (2005) applies to causes of action arising under the Tort Claims Act. We hold that it does and affirm.

## I.

In 1996, Marta Kerr's excised mole was allegedly misdiagnosed as benign by a pathologist at Richland Memorial Hospital (Hospital). In 2001, Kerr learned the 1996 specimen, upon reexamination, contained evidence of melanoma. This misdiagnosis allegedly contributed to Kerr's death in 2002 due to complications of melanoma cancer. Kerr's estate brought suit in 2003 against Hospital, more than six years after the alleged misdiagnosis.

The trial court granted summary judgment to Hospital after holding the statute of repose bars such a case and the Tort Claims Act shields a governmental entity from liability for an independent contractor's actions. The case is before this Court via Rule 204(b), SCACR, certification.

## II.

■ The threshold issue is whether the statute of repose affects actions against government entities under the Tort Claims Act. S.C.Code Ann. § 15–78–10 to –220 (Supp.2008). We hold the statute of repose applies.

This Court previously held, "the six-year repose provision in [section] 15–3–545 'constitutes an outer limit beyond which a medical malpractice claim is barred, regardless of whether it has or should have been discovered.'" *Harrison v. Bevilac-*

*qua,* 354 S.C. 129, 137–38, 580 S.E.2d 109, 113 (2003) (quoting *Hoffman v. Powell,* 298 S.C. 338, 339–40, 380 S.E.2d 821, 821 (1989)). In *Harrison,* this Court rejected the continuous treatment rule as such a rule would "run afoul of the absolute limitations policy the Legislature has clearly set...." 354 S.C. at 138, 580 S.E.2d at 114.

Specifically, section 15-3-545(A), which has not been amended since *Harrison,* states:

> *In any action,* ... to recover damages for injury to the person arising out of any medical ... treatment ... by any licensed health care provider ... acting within the scope of his profession must be commenced within three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, *not to exceed six years from date of occurrence,* or as tolled by this section.

(emphasis added). Accordingly, the statute of repose provision within section 15-3-545(A) applies as an absolute outer limit applicable in *any* medical malpractice action.

Additionally, the statute of repose portion of section 15-3-545(A) is substantive law, unlike a statute of limitations, which is procedural law. *Capco of Summerville, Inc. v. J.H. Gayle Const. Co., Inc.,* 368 S.C. 137, 142, 628 S.E.2d 38, 41 (2006) ("A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action. A statute of repose creates a substantive right in those protected to be free from liability after a legislatively determined period of time."). Further, when the Legislature enacted the Tort Claims Act, the Legislature knew of the absolute time limit imposed by the statute of repose. *Berkebile v. Outen,* 311 S.C. 50, 53, 426 S.E.2d 760, 762 (1993) (citation omitted) ("A basic presumption exists that the legislature has knowledge of previous legislation when later statutes are passed on a related subject.").

■ Next, we turn to the Tort Claims Act itself. "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996) (citation omitted). The General Assembly indicated its intent in the Tort Claims Act by stating,

"[t]he provisions of this chapter establishing limitations on and exemptions to the liability of the State, its political subdivisions, and employees, while acting within the scope of official duty, must be liberally construed in favor of limiting the liability of the State." S.C.Code Ann. § 15–78–20(f) (2005).

When reading the Tort Claims Act as a whole, which we must, we hold the above unambiguous expression of intent pervades the entire act. *Mid–State Auto*, 324 S.C. at 69, 476 S.E.2d at 692 ("In ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole."). Specifically, section 15–78–40 of the South Carolina Code (2005) states, "[t]he State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein." Similarly, section 15–78–50(b) of the South Carolina Code (2005) provides, "[i]n no case is a governmental entity liable for a tort of an employee where that employee, if a private person, would not be liable under the laws of this State." Accordingly, the Legislature clearly intended to limit government liability through the Tort Claims Act, and at no time did the Legislature intend government liability to exceed that of a private entity.

Conversely, Kerr is inviting this Court to contravene the unambiguous intent of the Legislature and expand liability for a government hospital beyond a private hospital's potential liability. In fact, Kerr's counsel conceded the statute of repose bar in a private action when stating, "by the time this client came to see me, [the estate] had clearly lost [its] right under [section] 15–3–545(A), the right to pursue any private entity because of the medical malpractice statute of repose. Six years had transpired." To permit this medical malpractice action to proceed beyond the statute of repose would be to disregard the Tort Claims Act, particularly sections 15–78–40 and 15–78–50(b).

Having found Hospital was entitled to summary judgment based on the statute of repose, we need not reach the additional ground relied upon by the trial court. *Wilson v. Moseley*, 327 S.C. 144, 147, 488 S.E.2d 862, 864 (1997) (holding if one

ground proves dispositive, then this Court need not address the remaining grounds relied on by a trial court when it granted summary judgment).

### III.

As the six-year statute of repose in section 15–3–545(A) applies as an absolute outer limit applicable in *any* medical malpractice, the grant of summary judgment to the Hospital is

**AFFIRMED.**

WALLER, Acting Chief Justice, PLEICONES, BEATTY JJ., and Acting Justice JAMES E. MOORE, concur.