LOCKEMY, C.J.:
**408 In this action Clair Craver Johnson appeals the circuit court's entry of summary judgment in favor of John Roberts, M.D. and the Medical University of South Carolina (MUSC) (collectively Respondents). Johnson asserts the circuit court erred in finding her claims were time barred by the statute of repose applicable to medical malpractice claims. We reverse.
Johnson suffers from bi-polar disorder and depression. In 1997 she experienced severe mania, which required hospitalization. Dr. Roberts, a licensed psychiatrist, began treating Johnson at that time.
Johnson experienced several episodes of mania between 1997 until November 2003. On November 26, 2003, Johnson's doctors admitted her to MUSC, and on December 10, 2003, they began treating her with electroconvulsive *209 therapy (ECT).[1] Between December 10, 2003 and June 26, 2008, Johnson's **409 doctors treated her with ECT on eighty-six separate occasions. According to Johnson, she sustained serious permanent cognitive damage as a result of the ECT.
Johnson, proceeding pro se, filed a Notice of Intent to File Suit against MUSC on June 25, 2010. She alleged "due to having ECT ... for an extended period of time between 2003 and 2008 [I] am now left with cognitive impairment and memory loss." Johnson also requested an extension to file an expert affidavit because "I am informed and have a good faith belief that the statute of limitation on my cause of action in this matter (absent a discovery exception) will expire within the next 10 days from the date my Notice of Intent to File Suit is filed." On August 20, 2010, Johnson filed a Stipulation of Dismissal without Prejudice of her Notice of Intent to Sue.
On November 16, 2011, Johnson filed a complaint against MUSC, asserting medical malpractice claims resulting from her ECT treatments. Johnson claimed, "[d]uring, after and a direct and proximate result of this extensive and involuntary ECT treatment, [she] lacked the mental capacity to understand and appreciate the detrimental effect the ECT had upon her until 2010...." Johnson also filed an affidavit from Harold J. Burstztajn, M.D., corroborating her claims that she was incapacitated as a result of the ECT until 2010. On May 16, 2012, Johnson filed an Amended Complaint against Dr. Roberts for damages resulting from the ECT treatments.
Following discovery, Respondents filed motions for summary judgment alleging Johnson's claims were barred by the statute of limitations and the statute of repose. Dr. Roberts contended the first act of negligence would have occurred between 2002 and 2003, meaning the statute of repose would bar any claims filed after 2009. MUSC also asserted, "Plaintiff's complaint against MUSC having arisen out of ECT treatment initiated in 2003 is time barred."
The circuit court held a hearing on Respondents' motions and later issued its order granting Respondents' summary judgment, finding Johnson's claims were time-barred by the statute of repose. Johnson filed a motion for reconsideration pursuant to Rule 59(e). The circuit court denied the motion. This appeal followed.
**410 LAW
"An appellate court reviews a grant of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP." Lanham v. Blue Cross & Blue Shield of S.C., Inc. , 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). A circuit court should grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP.
South Carolina law requires claims for medical malpractice be filed within three years "from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered...." S.C. Code Ann. § 15-3-545(A) (Supp. 2017). Section 15-3-545(A) creates a six-year statute of repose, beyond which a patient cannot sue their medical provider for malpractice. Id ., see also Kerr v. Richland Mem. Hosp. , 383 S.C. 146, 148, 678 S.E.2d 809, 810 (2009) ("Accordingly, the statute of repose provision within section 15-35-545(A) applies as an absolute limit applicable in any medical malpractice action."). "A statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time."
*210 Langley v. Pierce, 313 S.C. 401, 404, 438 S.E.2d 242, 243 (1993) (quoting First United Methodist Church v. U.S. Gypsum Co., 882 F.2d 862, 866 (4th Cir.1989) ).
ANALYSIS
Initially, we note Respondents assert the arguments Appellant presents to this court are different from the arguments presented to the circuit court and Appellant has not appealed the circuit court's ruling on the previous argument. We disagree.
During the circuit court's hearing on Respondents' motions for summary judgment, Appellant asserted she "received [ECT] eighty-six times over a several years period of time-2003 to 2008. Each time she received that, it was a blow to her head, a tort." Appellant conceded the "continuous **411 treatment rule" was unavailable to her, but she argued "each of these is an individual to[rt]." The circuit court found
Plaintiff's medical records indicate ECT was commenced on December 20, 2003. For purposes of the statute of repose, such allegations constitute an occurrence beginning as early as the commencement of treatment in 2003.... Thus, Plaintiff was required to bring the instant action against MUSC no later than December 10, 2009, six years from the date of the onset of treatment. Plaintiff's untimely Complaint filed on November 16, 2011, is therefore barred as a matter of law pursuant to § 15-3-545.[2]
In her briefing to this court, Appellant's statement of issue on appeal was
The lower court erred by concluding that the trigger date for computing the running of the six[-]year statute of repose and the three[-]year statute of limitation as December 10, 2003, the date of the first of eighty-six [ECT] treatments ending on June 26, 2008, the date of the eighty-sixth such treatment, the error being that [ECT] did not cause identifiable injury to appellant until no earlier than 2009-2010 thereby triggering a three-year period in which to initiate a claim pursuant to S.C. Code Ann. § 15-545(A).
Our supreme court has cautioned that issue preservation "is not a 'gotcha' game aimed at embarrassing attorneys or harming litigants." Atl. Coast Builders & Contractors, LLC v. Lewis , 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012). "While it may be good practice for us to reach the merits of an issue when error preservation is doubtful, we should follow our longstanding precedent and resolve the issue on preservation grounds when it clearly is unpreserved." Id. at 330, 730 S.E.2d at 285 (emphasis added). The factual theory Appellant presented to the circuit court is not identical to the factual theory she argues here. But Appellant's statement of issues on appeal is broad enough to encompass the argument she presents to this court, and the circuit court's ruling makes clear the judge's belief that the date of occurrence in this case was the first date of treatment. Appellant asserts in her brief she is "not [seeking] the application of [the continuous treatment]
**412 rule to her facts.... Johnson contends that her claim arose ... certainly [within] the six year statute of repose ."
It cannot be said that Appellant's arguments are clearly preserved. But in light of the foregoing, it also cannot be said that Johnson's arguments are clearly unpreserved. In these situations, "where the question of issue preservation is subject to multiple interpretations, any doubt should be resolved in favor of preservation." Id. at 333, 730 S.E.2d at 287 (Toal, C.J., concurring in result in part and dissenting in part). Therefore, we find Appellant has preserved her arguments to this court, and has adequately appealed the circuit court's order.
In Marshall v. Dodds , this court confronted the issue of whether the medical malpractice statute of repose bars subsequent acts of negligence in the course of a prolonged medical treatment. 417 S.C. 196, 789 S.E.2d 88 (Ct. App. 2016), cert. granted , August 23, 2017. Virginia Marshall was diagnosed with a rare form of blood cancer while she was under the care of two physicians. Id . at 199, 789 S.E.2d at 89. She initially began seeing the two doctors in 2000 and 2004, but neither *211 noticed signs in her blood and urine tests which indicated the presence of cancer. Id . In 2011, after her diagnosis, she sued her doctors, alleging they committed malpractice by not discovering her cancer sooner. Id . at 200, 789 S.E.2d at 90. The circuit court found the claims were time barred "because the statute of repose began to run after the first alleged misdiagnoses...." Id . at 202, 789 S.E.2d at 90. "[T]he court reasoned ... [any] subsequent misdiagnoses were merely a continuation of the first misdiagnoses, not distinct acts of negligence that could serve as new trigger points for the statute of repose." Id .
This court reversed. The court found if a plaintiff alleges a "misdiagnosis or failure to diagnose a condition within the six-year period-which an expert witness opines to be a breach of the physician's duty of care-the statute of repose does not bar the cause of action merely because the physician previously misdiagnosed the condition outside the repose period." Id . at 205, 789 S.E.2d at 92. The court found the plaintiffs alleged specific dates and appointments within the statute of repose when Marshall's doctors failed to diagnose her with cancer.
**413 Id . at 205-06, 789 S.E.2d at 93-94. Accordingly, the court found Marshall's claims for medical malpractice for alleged negligent acts which occurred within the six-year statute of repose would not be time barred. Id . at 206, 789 S.E.2d at 93.
The Marshall court found this analysis to be consistent with our supreme court's decision in Harrison v. Bevilacqua , 354 S.C. 129, 580 S.E.2d 109 (2003). In Harrison , the court declined to adopt the continuous-treatment rule which would toll the statute of repose until the termination of a patient's treatment. Id . at 138, 580 S.E.2d at 114. The plaintiff in Harrison was a diagnosed schizophrenic that was involuntarily committed to the care and treatment of the Department of Mental Health (the Department) in 1982. Id . at 132, 580 S.E.2d at 111. He remained in the Department's care through 1995, when he was discharged. Id. He was appointed a guardian ad litem in 1994 that successfully petitioned for his release, and subsequently filed a complaint alleging the Department should have discharged him as early as 1983. Id . The circuit court determined Harrison would only be allowed to present evidence of acts of negligence that occurred within the five-year statute of repose contained within the Tort Claims Act. Id . at 134, 580 S.E.2d at 111-12. A jury returned a verdict in favor of Harrison, but for only $1 in damages. Id . at 133, 580 S.E.2d at 111. Harrison then appealed the circuit court's decision, arguing the court should adopt the continuous treatment rule, meaning the statute of repose would have begun running after his discharge. Id . The Harrison court disagreed and found the continuous treatment rule would conflict with the General Assembly's objective to limit liability for medical malpractice cases. Id . at 138, 580 S.E.2d at 114.
Our court in Marshall noted, "[o]ur interpretation ... is entirely consistent with Harrison because we are not suggesting the statute of repose is tolled until the termination of the physician's course of treatment." 417 S.C. at 208, 789 S.E.2d at 94. Rather, "we hold the statute begins to run at the time of a medical professional's alleged negligent act or omission for which the plaintiff seeks to impose liability without regard to when the course of treatment ended." Id .
The allegations in this case are indistinguishable from Marshall . Appellant asserts she has been harmed as a result **414 of treatment she received within the six-year statute of repose. Because there is evidence that her injury occurred as a result of treatment within the six years prior to her lawsuit, the circuit court erred in finding as a matter of law her claim is barred by the statute of repose.
CONCLUSION
Accordingly, the circuit court's order is
REVERSED.
HUFF and HILL, JJ., concur.

"Electroconvulsive therapy is a procedure, done under general anesthesia, in which small electric currents are passed through the brain, intentionally triggering a brief seizure. ECT seems to cause changes in brain chemistry that can quickly reverse symptoms of certain mental illnesses." Mayo Clinic Staff, Electroconvulsive Therapy (ECT), Mayo Clinic (May 9, 2017), http://www.mayoclinic.org/tests-procedures/electroconvulsivetherapy/basics/definition/prc-20014161.

Judge Dennis made the same finding as to Dr. Roberts.