# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Clair Craver Johnson, Respondent,

v.

John Roberts, M.D., Petitioner.

and

Clair Craver Johnson, Respondent,

v.

Medical University of South Carolina, Petitioner.

Appellate Case No. 2018-000914

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

---

Opinion No. 27897
Submitted June 17, 2019 – Filed June 19, 2019

---

## AFFIRMED

---

Donald J. Davis, Jr., Stephen L. Brown, James E. Scott, IV, and Russell G. Hines, all of Young Clement Rivers, LLP, Joseph C. Wilson, IV and William P. Early, both of

Pierce, Sloan, Wilson, Kennedy & Early, L.L.C., all of Charleston, for Petitioner.

Jonathan B. Asbill, of Baker Ravenel & Bender, LLP of Columbia, for Respondent.

---

**JUSTICE HEARN:** Petitioners Dr. John Roberts and the Medical University of South Carolina (MUSC) sought a writ of certiorari to review the court of appeals' decision in *Johnson v. Roberts*, 422 S.C. 406, 812 S.E.2d 207 (Ct. App. 2018).[1] Respondent Clair Johnson filed a medical malpractice action alleging Roberts and MUSC negligently treated Johnson with electroconvulsive therapy. Roberts and MUSC moved for summary judgment, contending the six-year statute of repose[2] barred her claims, and the circuit court agreed, holding the repose period began on the first date of treatment. On appeal, the court of appeals reversed, relying on its decision in *Marshall v. Dodds*[3] to hold that there was evidence to support Johnson's claim that Roberts and MUSC acted negligently within six years of filing her lawsuit. This Court recently affirmed as modified the court of appeals' *Marshall* decision, holding the statute of repose begins to run after each occurrence.

Roberts and MUSC now contend that the court of appeals erred in finding Johnson's claims preserved for review and in holding the statute of repose began after each occurrence. We disagree and affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: (1) As to issue preservation, see *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 330, 730 S.E.2d 282, 285 (2012) ("While it may be good practice for us to reach the merits of an issue when error preservation is doubtful, we should follow our longstanding precedent and resolve the issue on preservation grounds when it *clearly* is unpreserved.") (emphasis added), and (2) As to the merits, we find the allegations of medical malpractice indistinguishable from those in *Marshall*.

**AFFIRMED.**

---

[1] For a full recitation of the facts, see the court of appeals' opinion.

[2] S.C. Code Ann. § 15-3-545(A) (2005).

[3] 417 S.C. 196, 789 S.E.2d 88 (Ct. App. 2016), *aff'd as modified*, Op. No. 27873 (S.C. Sup. Ct. filed March 27, 2019) (Shearouse Ad. Sh. No. 13 at 37), *reh'g denied* (May 30, 2019).

**BEATTY, C.J. and FEW, J., concur. JAMES, J., dissenting in a separate opinion in which KITTREDGE, J., concurs.**

**JUSTICE JAMES:** I dissent based on my dissenting opinion in *Marshall*.

**KITTREDGE, J., concurs.**